MADISON SUBURBAN UTILITY DIST. OF DAVIDSON COUNTY
*v.* CARSON *et al.*

(*Nashville,* December Term, 1949.)

Opinion filed June 9, 1950.

CHARLES L. CORNELIUS, W. OVID COLLINS, JR., PRICE, BARKSDALE & PRICE, all of Nashville, for appellant.

HARRY PHILLIPS, Asst. Atty. Gen., for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The question for our decision in this case is whether or not the appellant is liable for sales tax and use tax as applied by Chapter 3 of the Public Acts of 1947, Retail Sales Tax Statute.

The appellant is organized and doing business under Chapter 248 of the Public Acts of 1937, as amended, Williams' Annotated Code, Sections 3695.26-3695.44 as amended. The act under which the appellant was created was held constitutional by this Court in *First Suburban Water Utility District* v. *McCanless,* 177 Tenn. 128, 146 S. W. (2d) 948, 950. The Court there said that the purpose of the act was "the creation and operation, in the manifest interest of the public, in these days of necessity for water, light, fire and sewer protection, of a somewhat new and quite limited in scope corporate instrumentality", that for this purpose a municipal corporation was established by law and as such was an arm of the government. The corporation is authorized to issue revenue bonds, and to fix rates for its services ample to amortize the bonds and pay all costs of maintenance and operation. The corporation's affairs are directed by a Board of Commissioners who serve without compensation and are self-perpetuating. There is no profit to any one since any earnings from the operation of the corporation are required to be reflected in the expansion of the system or in the reduction of rates charged. The services primarily rendered by this corporation are to furnish the people of the district the water, sewer, sewage disposal, police and fire protection, garbage collection and garbage disposal, street lighting and parks and recreational facilities.

The appellant does not have the power to levy taxes nor is it listed as a municipality under the Federal

census and its population is never separately tabulated. The people residing within the district do not have the right of self-government. The district performs no governmental functions except carrying on the business as a water and sewage company with those powers necessarily connected therewith.

Section 15 of the act under which the appellant was created, Williams' Code, Section 3695.40, provides: "So long as a district shall own any system, *the property and revenue* of such system *shall be exempt from all state,* county and municipal taxation." (Emphasis ours.)

In view of this provision of the act this Court in *First Suburban Water Utility District* v. *McCanless,* supra, said that "the District is exempt from taxation by the expressed terms of Section 15 of the Act," above quoted.

During 1949 the appellant paid under protest the sum of $2,827.36, and brought suit, as provided by Code Sections 1790 et seq., to recover such taxes.

The Chancellor decreed that $2,551.38 was wrongfully paid and ought to be refunded to the appellant with interest thereon. There was no appeal by the commissioner as to this holding. He held also that $275.90 of the taxes collected were legally collected because appellant was not entitled to exemption from these taxes rightfully collected as use taxes under the act.

The Chancellor ordered the refund of a portion of the taxes above indicated because such taxes represented the Sales Tax levied on purchases made by appellant from vendors within the State of Tennessee. These taxes under our holding in *Hooten* v. *Carson et al.,* 186 Tenn. 282, 209 S. W. (2) 273, should have been collected from the Tennessee retail dealers who made the sales

to appellant. They were not so collected because the appellant issued to them the tax exempt certificates.

Should we affirm the Chancellor as to the right of the State to collect the use taxes? This would in effect be holding that the Sales Taxes which were ordered refunded to the appellant would be collected from the appellant's vendors, who, in turn, would be entitled to recover such taxes from the appellant under those provisions of the Sales Tax Law requiring that vendors add the Sales Tax to the sales price of all articles sold.

The portion of the tax which the Chancellor decreed had been legally assessed and collected was calculated on purchases made by the appellant of merchandise from vendors without the State.

Three contentions are made by the appellant to wit: (1) That it is entitled to be exempt from paying both the Sales Tax and the Use Tax which was collected by the State because it (appellant) is a govermental agency and an arm of the State government as designated by the Act of 1937 under which it was incorporated. It is argued under this contention that since this Court in *First Suburban Water Utility District* v. *McCanless,* supra, held that a corporation organized under this Act was a municipality, that, therefore, the State is precluded from again raising the question of whether or not this is a public corporation and entitled to a tax exemption; (2) that the exemption contained in Section 15 of Chapter 248 of the Public Acts of 1937 (above quoted) is an exemption of both property and revenue, is all inclusive, and exempts from both ad valorem and privilege taxation; that even though the tax here assessed is indirect, it burdens the appellant's revenue and violates this exemption provision; (3) that the tax, although indirect,

burdens the sale, use, consumption and distribution of water as is expressly prohibited by Section 6 of Chapter 3 of the Public Acts of 1947, the Sales Tax Act.

The appellee counters these propositions with the contention (1) that the appellant is not a municipal corporation in the true sense of the term but is in fact merely a quasi corporation and that as such it is not entitled to an exemption under Section 6 of the Sales Tax Act in question; that under well-known rules of construction that where a term "is used in one part of a law, and also in another part of the same law, if the meaning in one case can be clearly ascertained, the same meaning ought to be affixed to it in another," (*Darby's Lessee* v. *McCarrol,* 6 Tenn. 286, 290) and, that following this rule of construction the word "municipality" as used in the Sales Tax Law is given a rather definite meaning in the preamble to the Act wherein it is said: "Whereas, the limited source of revenues available to the Cities of the State has brought about a financial crisis in municipal government, to the extent that the citizens are being oppressed by heavy local taxation and are, nevertheless, unable to obtain a satisfactory and orderly operation of their municipal government; . .", and, that the other two places wherein the word "municipality" is used should be given the meaning which is clear by the use of the term in this preamble wherein the word "municipality" is clearly pointed out as meaning a "municipality" in its true sense; (2) that the exemption granted the appellant by Section 15 of the Utility District Act, under which it is incorporated, merely is an exemption of ad valorem taxes and is not applicable to the taxes here in question because the taxes in question here (Sales Tax and Use Tax) are privilege taxes; that unless the ap-

pellant can show an express exemption under the Sales Tax Law these taxes are not exempt. The appellee cites and relies upon the well established rule of statutory construction that exemptions from taxation are strictly construed against the person claiming the exemption; that the presumption is against an exemption and the burden is on the taxpayer to establish this right, *Hamilton National Bank* v. *McCanless,* 176 Tenn. 570, 144 S. W. (2d) 768; that the exemption in favor of the appellant's "property and revenue" will not be enlarged by implication to include retail sales and the use of tangible personal property; and (3) that the exemption for "water" under Section 6 of the Sales Tax Act is purely an exemption of "water" and does not cover the innumerable materials and things it takes to get water to the consumer, and that these are the things on which the tax was collected.

The decree of the Chancellor is based upon these contentions of the appellee. The contentions and rules and principles as laid down by the authorities in support of these contentions are almost unassailable and under an ordinary state of facts and circumstances are particularly applicable. Their application in construing the Sales Tax Law cannot be questioned.

██ The Sales Tax and Use Tax are both privilege taxes. The Sales Tax imposes upon the seller a tax for the privilege of selling tangible personal property and is required to be paid by the seller. *Hooten* v. *Carson,* 186 Tenn. 282, 283, 209 S. W. (2d) 273. The Use Tax is a tax upon the privilege of using, consuming, distributing or storing tangible personal property after it is brought into this State from without this State. *Nelson* v. *Sears, Roebuck & Co.,* 312 U. S. 359, 61 S. Ct. 586, 593, 85 L. Ed. 888, 132 A. L. R. 475.

■ All taxes, other than poll, are either direct or indirect. A direct tax is one that is imposed directly upon property, according to its value. It is generally spoken of as a property tax or an ad valorem tax. An indirect tax is a tax upon some right or privilege, or corporate franchise and in the instant case is spoken of as a Sales Tax and a Use Tax.

■ All tax measures when called in question in the courts should be determined by their practical operation and effect rather than by what they are named. When we thus test the character of the taxes in question and their incidence upon the subject at which they are directed it is seen that these taxes in the long run amount to the taking of the revenue of the appellant for the purpose of paying the tax in question. It is perfectly obvious to all of us who study the question here that the practical effect of these taxes is to diminish the revenue of the appellant to the extent of the taxes collected. The appellee very frankly says in its brief that even though the Chancellor held that it could not collect $2551.38 from the appellant for these taxes yet that the appellee can collect this tax from the vendors of these goods who in turn will be entitled to collect the same from the appellee. This obviously is taxing the revenue of the appellant.

■ This in effect is nothing more or less, in its final analysis, than a direct tax levied by the State on the revenue of the appellant when this Court has previously held that a district of this kind ''is exempt from taxation by the express terms of Section 15 of the Act, . . . .'' *First Suburban Water Utility District* v. *McCanless,* supra.

Therefore since the tax must be determined by its practical effect and operation rather than by particular

descriptive language applied to it, the Sales Tax and Use Tax applied by the appellee herein must be held to be nothing more than a direct tax on the revenue of the appellant which is free from taxation under the Act by which the appellant was incorporated.

In applying this rule of practical construction, we mean to limit its application only to the facts of the instant case. What controls the judgments of the courts, in matters like the present, is the underlying reality of the tax in question as it is intended to be put into practical operation and effect. If, when so viewed, an unauthorized result is perceived, such result will be thwarted by judicial intervention notwithstanding one or more single features, if required to be dealt with alone, might be held valid.

The rule of practical construction, that we have applied to the facts of the instant case, is not unheard of. The Supreme Court of the United States, when occasion demands, has applied the rule in the construction of tax acts. Thus, in *Brown* v. *State of Maryland,* 12 Wheat. 419, 444, 6 L. Ed. 678, 687, it was held that the tax on the occupation of an importer was the same as a tax on imports and therefore void. Chief Justice Marshall there said: ''It is impossible to conceal from ourselves that this is varying the form without varying the substance. It is treating a prohibition which is general as if it were confined to a particular mode of doing the forbidden thing. All must perceive that a tax on the sale of an article imported only for sale is a tax on the article itself.'' The latest case wherein this rule was applied is that of *New Jersey Realty Title Ins. Co.* v. *Division of Tax Appeals,* 338 U. S. 665, 70 S. Ct. 413, at page 417, where the court used language as follows: ''It matters

not whether the tax is, as appellee contends, an indirect or excise levy on net worth measured by corporate capital and surplus or is, as appellant urges, a tax on personal property based on a valuation gauged by capital and surplus. Our inquiry is narrowed to whether in practical operation and effect the tax is in part a tax upon federal bonds. We can only conclude that the tax authorized by Section 54:4-22, whether levied against capital and surplus less liabilities or against entire net worth, is imposed on such securities regardless of the accounting label employed in describing it.''

The court then proceeded to reverse the court of last resort of New Jersey because, in practical effect, the tax as applied by New Jersey was in effect a tax on tax exempt federal securities. Authorities in support of this position are cited in this case.

It results that the decree of the Chancellor, as to the Use Tax must be reversed and the bill sustained. An order will be drawn directing that the appellee refund to the appellant the amount of taxes collected by the appellee and paid under protest with interest thereon.

All concur.