148 So.2d 611

**FAMILY DISCOUNT STAMP COMPANY OF GEORGIA, DIVISION OF SALES PROMOTION, INC.**

**v.**

**STATE of Alabama.**

**3 Div. 950, 951.**

Supreme Court of Alabama.

Jan. 10, 1963.

See also 148 So.2d 218.

Wm. H. Ellis, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., Guy Sparks, Sp. Asst. Atty. Gen., and Wm. H. Burton, Asst. Atty. Gen., for appellee.

GOODWYN, Justice.

By agreement of the parties, these two cases were submitted here on two separate

records but with both cases being briefed together.

The appeals were taken by the taxpayer from decrees of the Montgomery County Circuit Court, in equity, affirming assessments made against the taxpayer by the State Department of Revenue. The testimony was taken both orally before the trial court and by deposition.

The cases involve primarily the question of liability of appellant "Stamp Company" for the State license tax prescribed by § 606, Tit. 51, Code 1940, as amended by Act No. 399, appvd. Sept. 9, 1955, Acts 1955, p. 938, which provides as follows:

"§ 606. Trading stamps.—Every person who engages in or carries on the business of issuing or selling to merchants, trading stamps, or any device or substitute therefor, or any stamps or certificates of like character which are to be given by merchants to purchasers of goods, wares or merchandise and which said stamps, certificates or devices, or substitute therefor, the person issuing or selling the same agrees to accept in payment for goods, wares, and merchandise kept on hand by himself or another for redemption or for distribution by the person issuing or selling such stamps or certificates, shall pay to the state of Alabama a privilege or license tax of one thousand dollars per annum. Provided further that the provisions of this section shall not apply to any coupon, ticket, certificate, card or other similar device issued or distributed by a manufacturer or packer which is redeemable for any goods, wares or merchandise by the manufacturer or packer, or its agents or independent contractor acting for redemption."

There seems to be no disagreement between the parties that the facts in these cases, except in one respect, are essentially the same as those in Family Discount Stamp Company, etc. v. State, post, p. 322, 148 So.

2d 218. In that case it was held that the Stamp Company was engaged in interstate commerce and was not liable for the license tax. In the cases now before us (3 Div. 950 and 951), the State takes the position that the Stamp Company, in addition to the mode of carrying on its business as disclosed in 3 Div. 949, maintained "redemption centers" in the towns of Boaz and Albertville in Marshall County, Alabama; that these "redemption centers" constituted the doing of a local business in said towns, even if the manner of doing business otherwise was in interstate commerce, thereby subjecting the Stamp Company not only to payment of a license tax as prescribed by § 606, as amended, supra, but also to an additional license tax under the provisions of § 831(a), Tit. 51, Code 1940, as amended by Act No. 700, appvd. Sept. 5, 1951, Acts 1951, Vol. II, p. 1207. Section 831(a), as amended, provides as follows:

"* * * (a) Whenever a license is levied in this title, there shall be collected both a state and county license for each place of business, except as specifically otherwise provided. * *"

The Stamp Company's mode of doing business, except for the "redemption centers" which the State contends were maintained by the Stamp Company, is set forth in the opinion in 3 Div. 949. There is no need to repeat it here. Our problem is to determine whether the Stamp Company did, in fact, maintain "redemption centers" in Boaz and Albertville, or in either place, so as to constitute the carrying on by it of a local trading stamp business.

In 3 Div. 949, there was no question about the making of redemptions in Alabama. The redemptions were made by one of the Stamp Company's servicemen taking the stamp books to the home office in Macon, Georgia, and then bringing the selected articles back to the redemptioners in Alabama. In the cases now before us, there is no dispute that both in Boaz and in Albertville displays of some of the articles available for redemption were maintained in two

stores using the Stamp Company's stamps. The disputed issue is whether the Stamp Company used the displays as places for redeeming its stamps, so as to subject it to the trading stamp license tax.

■■ The question is not whether the *displaying* of premiums, in and of itself, was a local business activity, but whether the *redemption* of premiums from such displays, in the manner disclosed by the evidence, constituted such activity. Our view is that the conclusions of the trial court that redemptions were made at the two stores finds support in the evidence; that such redemptions constituted the doing of a local business in Marshall County, in this State; and that the trial court correctly held the Stamp Company liable for the license tax prescribed by § 606, Tit. 51, as amended, supra. Although the Stamp Company contends that if any such redemptions were made, they were made without its knowledge or consent, there is evidence of redemptions being effectuated by employees of the stores; that such employees thereafter delivered to the Stamp Company's salesman, in Marshall County, the stamps received in making such redemptions; and that the Stamp Company's salesman then replaced the redeemed premiums. It seems to us that redemptions made in this manner were as effectively consummated in Marshall County as if they had been made at a so-called "redemption center" maintained by the Stamp Company in said County.

This brings us to the question whether the Stamp Company is liable for a separate license for each of the two places in Marshall County, under the provisions of Code 1940, Tit. 51, § 831(a), as amended, supra. In Metcalf v. Sperry & Hutchinson Company, 268 Ala. 623, 108 So.2d 831, the Company maintained five redemption centers in five different counties. There were 583 merchants in Alabama, located in 44 counties, issuing the Company's stamps. Ques-

tions presented were whether the Company was liable for one license for the whole state, a separate license in each of the 44 counties, or a separate license in each of the counties where it maintained a redemption center. This court approved the trial court's holding that a license was due "for each county in the State of Alabama in which the complainant maintains a fixed and established place of business, such as the redemption centers which are maintained by the complainant." No question was there presented concerning the liability for a license for each of two separate places of business located in one county, as is the situation now before us. In our view, the trial court correctly held that a license is due for each place where the Stamp Company maintained a display of premiums from which redemptions were made in the manner disclosed by the evidence. Although the two places were not stocked with all premiums available, they were nonetheless places where redemptions were made and, under the evidence, constituted fixed and established places of business maintained by the Stamp Company. As noted in Metcalf (268 Ala. at page 627, 108 So.2d at page 835):

"Subsection (a) of § 831, as amended, does not levy a license for the doing of business in a county. The license therein levied is made collectible only 'for each place of business.' We see no justification for our construing the words 'each place of business' as being synonymous with the words 'in each county in which the taxpayer does business.' * * * *"

The decree appealed from in each case is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.