158

M. & M. STAMP COMPANY, INC., etc., Appellant,

*v.*

FOARD HARRIS, County Court Clerk of Montgomery

County, Tennessee, Appellee

368 S. W. 2d 752

(*Nashville,* December Term, 1962.)

Opinion filed June 4, 1963.

Z. D. ATKINS, HOUSHOLDER, INGRAHAM, ATKINS & Mc-SWEEN, Nashville, for appellant.

GEORGE F. McCANLESS, Attorney General, MILTON P. RICE and WALKER T. TIPTON, Assistant Attorneys General, Nashville, for appellee.

MR. JUSTICE WHITE delivered the opinion of the Court.

The only question presented for decision in this case is whether the appellant is liable for the privilege tax imposed by Item 106 of T.C.A. sec. 67-4203, which provides:

"Each trading stamp company or agency doing the business of selling, distributing, delivering, or giving away trading stamps or like devices in any county of this state, shall pay, per annum, in each county in which said company or agency does business, a privilege tax * * * ,"

On January 16, 1962, the Commissioner of Revenue of the State assessed the tax against the appellant which it paid under protest and then instituted this suit to recover the sum so paid.

The case was heard in the Chancery Court upon bill and answer and the depositions of witnesses for the complainant. The Chancellor found complainant liable for the tax and entered a decree dismissing the bill. From this decree complainant prosecuted an appeal to this Court, and assigns errors.

The facts as developed by the proof taken are not in dispute.

They show that the M. & M. Stamp Company, a Kentucky corporation, is a trading stamp company maintaining an office and warehouse in Madisonville, Kentucky. Agents of the Company are sent or come into Tennessee for the purpose of selling to retail merchants trading stamps to be used by the merchants in the promotion of their business. The stamps are obtained by means of a written order that the merchant signs and mails to complainant's office in Madisonville. The stamps so ordered are mailed to the merchant in Tennessee in accordance with his order.

The premiums offered in redemption of these stamps may be obtained by mailing the stamps to the complainant in Madisonville, Kentucky.

. The appellant states, however, that it did enter into a contract with Betty's Gift Shop, a Tennessee corporation, with its principal office located in Clarksville, Tennessee, whereby the complainant agreed to redeem stamps issued by it at their face value of $3.30 per book, plus

5% commission for handling, when said stamps were presented at the office of the complainant in Madisonville, Kentucky. Betty's Gift Shop also offers to accept the stamps as payment for items of merchandise offered for sale in said store or shop, some of which is the same as offered by complainant as premiums in their warehouse at Madisonville, Kentucky.

The questions of law posed by the brief of the appellant here are:

1. Does any act of complainant bring it under the provisions of Section 67-4203, Item 106?

2. Does the contract in existence between M. & M. Stamp Company, a Kentucky Corporation, and Betty's Gift Shop, a Tennessee Corporation, subject the complainant to the tax here in question?

The Chancellor in a memorandum opinion said:

"* * * * and when the owner of stamps present them at Betty's Gift Shop in Clarksville they may be exchanged for merchandise listed in complainant's redemption catalogue, and Betty's Gift Shop in turn forwards the stamps so redeemed to complainant's home office and is re-imbursed together with a commission of five (5%) percent."

The Chancellor observed that without facilities for redeeming the stamps in this State they would be of little value to a customer. A redemption store is a necessary part of a trading stamp business.

The manager of the complainant corporation testified:

"Q. Have you entered into any contract with any Company in Tennessee whereby, upon the presentation by

them of books of stamps, that you will redeem them from them?

"A. Yes sir.

"Q. And what is that place of business?

"A. That is Betty's Gift Shop in Clarksville, Tennessee."

■ The business carried on by the Trading Stamp Company has at least two essential basic aspects. (1) The selling of stamps to merchants who distribute them to their customers coincident with sales of merchandise, and (2) the redemption of those stamps by this Trading Stamp Company. 87 C.J.S. Trading Stamps and Coupons secs. 1 and 2; *Commonwealth v. Gibson Co.*, 125 Ky. 440, 101 S.W. 385; *Ex parte Drexel*, 147 Cal. 763, 82 P. 429, 2 L.R.A.,N.S., 588.

It is conceded that the complainant is an interstate concern but the defendant contends that when it localizes itself in the market of Tennessee and obtains the advantages of having a local outlet through which to channel local business, it cannot claim immunity from local privilege taxation under the commerce clause of the Federal Constitution. The defendant cites in support of this statement *Norton Co. v. Department of Revenue*, 340 U.S. 534, 71 S.Ct. 377, 95 L.Ed. 517.

The question then is whether or not this complainant, appellant herein, a Kentucky Corporation, has made itself liable for the tax by reason of its conduct in sending agents into this State to enter into agreements with local merchants to use their trading stamps and then providing for a store to redeem the stamps in this State under a contract whereby a local redeeming store receives a

commission from the complainant on all stamps so redeemed.

The proof shows that from October 1961 to January 15 or 16, 1962 the complainant maintained its own redemption store in Clarksville. The manager of appellant testified:

"(By Mr. Rice.) Now. Mr. Steele, during this period from October of 1961 until January of 1962, did your concern operate in Tennessee in the same manner that they operate now, or was it a different manner?

"A. I would say that it is different in view of the fact that at that time, that is prior to January 15th of this year, we had delivered some stamps into Tennessee which made us liable for that tax period, see.

\* \* \* \* \* \*

"Q. During that period, did you, or did you not, maintain any kind of place of business in Montgomery County?

"A. Yes, sir, we did, there in Clarksville.

"Q. What kind of place of business was this? Describe it.

"A. It was a redemption center there.

"Q. Which was owned and operated by employees of the M. & M. Stamp Company?

"A. That is correct, sir.

"Q. Now, when did you cease to operate in that fashion in Montgomery County?

"A. It was on January 15th.

"Q. On January 15th?

"A. We disposed of all our interest in Tennessee at that time."

Thereafter, complainant entered into the contract with Betty's Gift Shop whereby it became the redemption center for the stamp company. The complainant by these arrangements, that is, the solicitation of orders for stamps by its own salesmen traveling in Tennessee and the redemption of the stamps by a redemption center in Tennessee does in an effective manner in Tennessee every act necessary to a well organized and well operated trading stamp company.

Since the appellant carries on operations in Tennessee to the extent described, it would be liable for the privilege tax unless such taxes can be shown to be proscribed by the Commerce Clause of the Federal Constitution.

It is true that the complainant sells its stamps in interstate commerce and this act is recognized by the defendant as being protected from taxation by the Constitution of the United States. However, this is not the only act that is done by the appellant in this State.

The record discloses that the complainant maintained a redemption store in its own name in Clarksville for some months. Thereafter it entered into an agreement with a local concern to accept its stamps in exchange for premium merchandise. This, in our opinion, results in a localizing of complainant's business in this State, thereby making it subject to the privilege tax imposed by Item 106, supra.

Our Courts have recognized over the years that in construing statutes we look through the form of the trans-

action to the substance thereof. *Madison Suburban Utility District v. Carson,* 191 Tenn. 300, 232 S.W.2d 277.

The item in question levies a tax upon "each trading stamp company or agency doing the business of selling, distributing, or giving away trading stamps * * *"

The complainant makes the point that it is not liable for the tax because all of its sales and distribution of stamps are made in interstate commerce and that the mere redemption of stamps is not a privilege made taxable under Item 106. Without maintaining a redemption center the stamps would have little, if any, value. Certainly the consuming public would not be interested in these stamps, unless they could be exchanged for something of value in some convenient and workable manner. Therefore, a redemption center is a necessary part of the successful operation of a trading stamp business. The complainant is a trading stamp company within the meaning of the item aforesaid and this being true it follows that it is taxable in any county wherein it may be found "doing business".

The Supreme Court of Alabama involving the same question in two recent decisions held upon the facts of the first case that the taxpayer was protected by the Commerce Clause from taxation and in the second case it found the taxpayer liable because of a different state of facts.

In the first case the taxpayer, a Georgia Corporation, sent its salesmen into Alabama to take orders for stamps from merchants; returned their orders to Georgia for acceptance, then upon a subsequent trip delivered the stamps as ordered. Redemption of the stamps were effectuated in the same manner, the premiums being

taken to the merchants who then delivered them to the customers. This is the case of *Family Discount Stamp Company of Ga. v. State of Alabama*, 274 Ala. 322, 148 So.2d 218.

However, in the other case involving the same tax-payer, reported as *Family Discount Stamp Company v. State of Alabama*, 274 Ala. 314, 148 So.2d 611, it was developed by the proof that two stores in Alabama using these stamps maintained displays of premiums. It further developed that employees of these stores had on occasion redeemed filled stamp books for merchandise from the premiums displayed. The stamp book was then delivered to the company's salesman, who regularly called on the store, and he replaced the redeemed premiums on display. The Court held that the company was making the redemption in Alabama and it said 148 So.2d at page 613:

> "It seems to us that redemptions made in this manner were as effectively consummated in Marshall County (Alabama) as if they had been made at a so-called 'redemption center' maintained by the Stamp Company in said County."

In the aforesaid case the stamp company denied that the redemptions were made with its knowledge or consent but in spite of such denial the Court held the company liable for the tax.

In the case at bar the complainant made positive arrangement for the redemption of its stamps in the State of Tennessee through the agreement with Betty's Gift Shop.

Our careful consideration of this case leads us to

the conclusion that complainant is a trading stamp company and that upon the facts of this case it is engaged in doing business in this State in such a manner as to make it liable for the tax levied under Item 106 of T.C.A. sec. 67-4203.

.Therefore, the action of the Chancellor is affirmed. ·