SMOKY MOUNTAIN CANTEEN CO. *v.* KIZER, Commissioner
of Finance and Taxation.

(*Nashville,* December Term, 1951.)

Opinion filed March 7, 1952.

John A. Rowntree, S. Frank Fowler and Fowler, Long & Fowler, all of Knoxville, for appellant.

Roy H. Beeler, Attorney General, Allison B. Humphreys, Solicitor General, and Milton P. Rice, Assistant Attorney General, for appellee.

Mr. Justice Burnett delivered the opinion of the Court.

The question for our decision in this case is whether or not the appellant is liable for Sales Tax as applied by Chapter 3 of the Public Acts of 1947, 1932 Code Supplement, 1328.22-1328.39, Retailers Sales Tax Statute.

The suit was brought by the appellant for refund of Sales Taxes paid by it under protest. The Chancellor held the tax legally collected and dismissed the bill. As a result this appeal has been duly perfected, briefs filed and argument heard.

The appellant is a Tennessee corporation engaged in the automatic vending machine business. It operates candy, soft drink, chewing gum and peanut vending machines wherein these products are dispensed to the purchaser by way of machine at a cost to the purchaser of 5¢ in case of candy and soft drinks and 1¢ in the case

of chewing gum and peanuts. One purchasing these products inserts a coin in the machine and pulls the lever or turns the crank and the product is delivered by the machine. There are no personnel involved in selling or delivering this product to the customer. No device has been discovered where the burden of this tax could be passed on to the consumer when the goods are sold by way of these vending machines. The Commissioner realizing this fact adopted a practice, in this instance, of permitting the operators of these machines to pay the tax on the basis of the wholesale cost of the merchandise so vended, instead of on the retail selling price thereof.

Even with this practice followed the appellee concedes that the appellant is in an unfavorable position when compared to most businesses affected by this taxing statute. The ordinary merchant making sales from a store has a practical opportunity to shift the burden of the tax to the consumer while the appellant does not have such an opportunity. The State, though, says that it is not responsible for the appellant's mode of doing business and that it is not required to take special cognizance of this mode of doing business in framing a uniform and general taxing statute. The State's position is that if such a distinction is to be made that the Legislature could have very easily made such special provisions for sales through vending machines.

Our Statute is a flat two per cent statute to be computed upon the gross sales and to include every retail sale. The statute contains no bracket system within itself but it does contemplate that the Commissioner set up a bracket system which he has done. The obvious reason for setting up this bracket system is that on small sales by retailers there is no medium of exchange where by this two per cent could be collected from the purchaser

on these sales. As a result of this the bracket system eliminates in the ordinary sale by the retailer a tax to the consumer or purchaser on the first fourteen cents but the retailer may and does collect one cent from fifteen cents to sixty-five cents and this is graduated up. In this way the ordinary retailer of merchandise when computing his tax on his gross sales collects two per cent on the total sales from the consumer or purchaser. In many if not most instances this two per cent, due to the fact that an overage is collected from fourteen cents up of the two per cent, and as a result of this, in the average instance, more than two per cent is collected. Under the Act this overage must be paid to the Commissioner.

The appellant makes two questions: (1) That the Legislature intended that a seller of candy, soft drinks, chewing gum, etc., through vending machines for five cents or one cent that there be no tax on these small sales because the tax could not be passed on to the consumer and (2) That if the Legislature did intend for the tax to apply to these sales that then the Act so applying is unconstitutional under the Equal Protection and Due Process Clauses of the State and Federal Constitutions. Const. Tenn. art. 1, Section 8; Const. U. S. Amend. 14.

The Tennessee Sales Tax is a levy upon the vendor. It is a tax upon the privilege of selling at retail, leasing or renting tangible personal property. The doing of any of these acts is declared to be a taxable privilege and the Sales Tax Act levies a tax thereon, the measure of which is on the gross proceeds derived by the retailer from the sale at retail, the lease or rental of tangible personalty. Section 3 of the Sales Tax Act, Code Section 1328.24, reads in part as follows:

"* * * it is hereby declared * * * that every person is exercising a taxable privilege who engages in

the business of selling tangible personal property at retail in this State \* \* \*. For the exercise of said privilege, a tax is levied as follows:

"(a) At the rate of two percent (2%) of the sales price of each item or article of tangible personal property when sold at retail in this State; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the State, and to include each and every retail sale. \* \* \*"

The legislators, in their wisdom, knew that through some means the retailer would ultimately find some way to pass this tax on to the consumer and as a result of knowing this they made a provision for the burden of this tax to be passed on to the ultimate consumer. This provision for the shifting of the tax, however, does not and cannot alter the fact that "it is a privilege tax levied upon the merchant." *Hooten* v. *Carson,* 186 Tenn. 282, 209 S. W. (2d) 273, 275.

Clearly the appellant is engaged in the business of selling tangible personal property at retail. This being true, there could be no doubt that the appellant is exercising one of the privileges made taxable by the Act. It seems to us therefore under the Act that the appellant could be taxed at the rate of two per cent on the gross proceeds derived by it from its business. As heretofore said though the Commissioner realized the hardship of this and in a way attempted to adjust this hardship to some extent.

Under Section 2(c)(3), Code, Section 1328.23-(c)(3), the term gross sales is defined to mean "the sum total of all retail sales of tangible personal property \* \* \*, without any deduction whatsoever of any kind or character, except as provided in this act."

It seems to us therefore that the Legislature clearly intended to tax the gross sales except as to those things which are in the Act specifically exempted. These specific exemptions are included in Section 6 of the Act, Code, Section 1328.27. This list of exemptions does not include sales of small denominations or sales on which the vendor is unable to collect the tax from his customer.

It is the contention of the appellant that it should not be required to pay this tax when it is unable to pass the tax on to its customers under the bracket system as used for the purpose of shifting the tax. It further contends that the Act gives the Commissioner power to issue rules and regulations for shifting the tax to the consumer and that where those rules and regulations do not permit the shifting of the tax to a given type of business then that type of business is automatically exempt from the tax levied by the Act.

██ The exemptions claimed as heretofore said are not included in the provisions of the Act. It has long been a recognized rule in this State that where exemptions from taxation are claimed by the taxpayer that such claims, when the exemption is not expressly stated in the Act, are to be construed strictly against the one claiming the exemption and that such exemptions will not be extended by implication. Taxation being the rule and exemptions being the exception, it is incumbent on those claiming the exemption to affirmatively show such exemptions. *Nashville Tobacco Works* v. *City of Nashville,* 149 Tenn. 551, 260 S. W. 449.

█ It seems to us that the Statute contemplates that, under a bracket system, it would be impossible for the retailer to add exactly two per cent to the sales price of every article sold. The Legislature in enacting the Act in question is bound to have known this and they in the

Act provided that: "Dealers shall, *as far as practicable,* add the amounts of the tax imposed under this act to the sales price or charge, \* \* \*." Section 5(b), Code, Section 1328.26(b). It seems to us that this language makes the appellant's obligation to pass the tax on a conditional one. He is not required to do so by the Act where for any legitimate reason it is impossible to do so. Impossibility of collection from the consumer though of the two per cent of gross sales in the manner provided in the Act does not void the Act.

■ The Section of the Act which levies the tax is an entirely different section, separate and distinct, from the section requiring the tax to be passed on to the consumer. These two sections are not necessarily related or dependent one on the other. It does not seem to us that the inability to comply with one section negatives the duty of the taxpayer to comply with the other section.

■■ We, in a well considered opinion prepared by the Chief Justice, in *Hooten* v. *Carson,* supra, have held that the Act in question is a valid enactment. The Act does not single out one individual as against another. It treats all alike. Because certain forms of business, as the instant business, happen to be conducted in such a manner as to make it impossible to collect this tax from the consumer does not make the Act invalid and unconstitutional under the Equal Protection and Due Process clauses of the Constitution. The Legislature may, as long as it made no arbitrary discrimination between these parties, validly levy this tax. There is no such arbitrary discrimination here. We as a court do not possess the power to equalize or adjust taxes of the kind when they turn out as they have in this instance. To do that is a question for the law makers, not the court. We as a court deal with the power of the law makers to enact such an

Act, only. In commenting on the question here before us the Supreme Court of the United States speaking through the late Mr. Justice Cardozo, in *Fox* v. *Standard Oil Company of New Jersey,* 294 U. S. 87, 55 S. Ct. 333, 339, 79 L. Ed. 780, said: ''We have never yet held that government in levying a graduated tax upon all the members of a class must satisfy itself by inquiry that every group within the class will be able to pay the tax without the sacrifice of profits. The operation of a general rule will seldom be the same for everyone. If the accidents of trade lead to inequality or hardship, the consequences must be accepted as inherent in government by law instead of government by edict.''

We have examined all the cases that have been cited in the briefs pertaining to the question here involved and have made some independent investigation also. We cannot find any case on all-fours with that in question. Suffice it to say that of all the cases that we have seen none have held in favor of the appellant's position. The case of *Winslow-Spacarp, Inc.,* v. *Evatt,* 144 Ohio St., 471, 59 N. E. (2d) 924, 926, as cited by the appellants is not controlling in this case. Without analyzing the case in full we deem it sufficient to state that the Ohio Sales Tax Act excluded articles under the price of nine cents from the operation of the Act. The court saying in reference to this exclusion ''such sales not being taxable under the express terms of Section 5546-2''. Of course this section was construed along with other sections of the Act and the court concluded that those articles were not taxable. We do not, as heretofore said, deem this as authority one way or the other on the questions here because of the entire difference of the two Acts.

The case probably nearest the point is that of *State* v. *Woods,* 242 Ala. 184, 5 So. (2d) 732, 735. The Alabama

Supreme Court in deciding this case said "In other jurisdictions there are the holdings to the effect that persons engaged in the business of operating vending machines which dispense tangible personal property are engaged in the business of selling at retail and fall within the meaning of the sales tax laws. (Citing authorities)"

And that court says further: "The harmonious construction of these statutes is to the effect that all persons engaged in the business of selling at retail tangible personal property (not expressly exempt) are subject to such tax even though the seller fails or is unable to collect the amount of such tax from the purchaser under the provisions of the sales tax law."

For the reasons above stated we feel that the Act does not show any intention on the part of the Legislature to exclude sales of the type here involved and that if such sales are to be excluded this is purely a matter for legislative action and not for the courts. In enacting this Act there is no arbitrary discrimination and the Commissioner may through the bracket system work out the tax as it is brought to our attention in this case. For these reasons the opinion of the Chancellor must be affirmed.