Michael P. BRODBINE, d/b/a Tara, etc., Appellants,

v.

Joe E. TORRENCE, Director of Finance, and the Metropolitan Government of Nashville and Davidson County, Tennessee, Appellees.

Supreme Court of Tennessee.

Jan. 17, 1977.

Thomas A. Wiseman, Jr., James L. Beckner, Nashville, for appellants.

Robert Rutherford, Nashville, for appellees.

## OPINION

BROCK, Justice.

The Chancellor dismissed the complaint in this case for failure to state a claim upon which relief could be granted and plaintiff appealed.

Plaintiff, Brodbine, is a restaurant operator in Nashville who is licensed to sell alcoholic beverages for consumption on the premises of his restaurant, "Tara." He filed this suit as a class action on behalf of himself and 149 others licensed in Nashville for the sale of alcoholic beverages for on-the-premises consumption, alleging that the defendant Metropolitan Government had collected and was continuing to collect unlawful taxes from the plaintiff licensees. The relief sought was recovery of the taxes already paid and those "paid subsequent to the filing of this complaint."

The defendants' motion to dismiss for failure to state a claim asserted that the plaintiff had "failed to comply with the provisions of T.C.A. § 67–2301, et seq." The code provisions referred to govern proceedings to recover taxes illegally exacted by the State or municipal corporations and require that, in order to maintain an action for such recovery, the taxpayer must first (1) pay the contested tax, (2) under "protest" and (3) file suit for refund within thirty (30) days after payment.

The Chancellor granted the defendants' motion and dismissed the complaint.

Upon appeal, the parties have focused primarily upon the question whether or not the filing of the complaint constitutes sufficient "protest" with respect to the taxes paid by plaintiff subsequent to the filing of suit, but defendants have raised a more fundamental issue, i. e., that the plaintiff and others licensed to sell alcoholic beverages for consumption on the premises of their restaurants, etc., have not paid and are not paying the tax in question and, therefore, cannot maintain an action for refunds.

■ Of course, plaintiff cannot have "refunded" to him taxes he has not paid. And, to be considered the "taxpayer" it is not enough to show that in the course of business the economic burden of the tax was passed on to him by the true taxpayer; he must show that the taxing statute, in terms, imposes the tax upon him and creates obligations owing by him to the taxing authority. See *Smoky Mountain Canteen Co. v. Kizer,* 193 Tenn. 598, 247 S.W.2d 69 (1952); *Diamond National Corp. v. State Board of Equalization,* 49 Cal.App.3d 778, 123 Cal.Rptr. 160; 53 C.J.S. Licenses §§ 47, 57, 660–661. The taxing ordinance, Metropolitan Code, § 5–1–24—5–1–30, clearly shows upon its face that it levies a tax (called "a regulatory and supervisory fee"), not upon *retailers* of liquor for on-the-premises consumption such as plaintiff, but upon "each wholesaler" of such alcoholic beverages. Metropolitan Code, § 5–1–25. The tax is a fixed percentage "on all sales of alcoholic beverages or wine made by such wholesaler." *Ibid.* The ordinance requires all wholesalers to remit each month to the director of finance all fees thus imposed, less a "collection fee" for "collecting and reporting" such fees. *Ibid.* § 5–1–27. Failure to report and remit such fees on or before the 10th day of each month subjects the *wholesaler* to a monetary penalty and, in the discretion of the Mayor, to suspension or revocation of such wholesaler's license. *Ibid.* § 5–1–29.

■ We find no provision of this ordinance which purports to levy any tax or "fee" upon plaintiff or other retailers. The ordinance does not *require* wholesalers to pass the imposed tax or fee on to the retailer, but, even if it did, this would not convert the tax into one imposed upon retailers. *Smoky Mountain Canteen Co. v. Kizer, supra.* This is not a statute which imposes a tax upon one individual but authorizes

and directs another to act as the agent for the taxing authority for the collection of the tax imposed.

Furthermore, the plaintiff alleges in his complaint that the tax:

". . . is collected from the plaintiff and other members of the class by the liquor wholesalers on virtually a daily basis. Every day of the week, excluding Sundays, deliveries of liquor are made by the wholesalers to the approximately one hundred forty-nine (149) members of the class. Additionally, each of the wholesalers chooses its own date to remit the monthly levy to the defendants, between the first and the twentieth of the ensuing month."

Considering the ordinance and the complaint together, we conclude that the plaintiff and others in his class are not the ones upon whom this tax is imposed; on the contrary, we hold that this tax is imposed upon the wholesalers who supply the plaintiff retailers of liquor-by-the-drink with alcoholic beverages. Consequently, any right to recover such taxes belongs to the wholesalers who paid them, not to the plaintiff retailers. Accordingly, we affirm the decree of the Chancellor dismissing the complaint for failure to state a claim upon which relief may be granted. Other questions raised by the plaintiff upon appeal are pretermitted.

Costs will be paid by appellants.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.