**SHELBY COUNTY, Tennessee,**
**Appellant,**

v.

**John K. KING, Commissioner of Revenue for the State of Tennessee, Appellee.**

Supreme Court of Tennessee,
at Jackson.

Aug. 10, 1981.

Petition to Rehear Denied Sept. 21, 1981.

Leo Bearman, Jr., Memphis, for appellant.

Joe C. Peel, Asst. State Atty. Gen., Nashville, for appellee.

## OPINION

ROSS W. DYER, Special Justice.

Appellant, pursuant to T.C.A. 67–2303 et seq. sues to recover use taxes, penalty and interest paid under protest.

This court has jurisdiction state revenue being the principal matter involved. *State v. Brown*, 171 Tenn. 612, 106 S.W.2d 861 (1937).

This case came to this court from the action of the trial judge in dismissing Appellant's complaint, upon motion, under Rule 12.02 Tennessee Rules of Civil Procedure. Under such action there is an admission of the truth of all relevant and material averments contained in the complaint. *Holloway v. Putman County*, 534 S.W.2d 292 (Tenn.1976); *Cornpropst v. Sloan*, 528 S.W.2d 188 (Tenn.1975).

Appellant had constructed, for its own use, a building known as the Shelby County Criminal Justice Complex the title to both land and building, at all times pertinent hereto, being in Appellant. In the construction of this building Appellant entered into contracts with several contractors whereby Appellant agreed "to indemnify said contractors .... from all liability to the State of Tennessee for taxes which may be assessed pursuant to Tennessee Code Annotated, Sec. 67–3001, et seq. provided that said taxes are assessed for sales made to Shelby County pursuant to the construction of the Shelby County Criminal Justice Complex." Appellant under these contracts purchased tangible personal property taking title in its own name, which property was used by the contractors in the construction of the Shelby County Criminal Justice Complex.

Appellee under T.C.A. 67–3004(b) levied an assessment upon these contractors for a use tax based upon the value of the tangible personal property purchased by Appellant and used by the contractors in the construction of the Shelby County Criminal Justice Complex. Appellant pursuant to its contract with the contractors paid these assessments under protest and sued to recover same.

Appellee filed a motion to dismiss upon two grounds, to-wit: (1) that Appellant lacked standing to bring this suit, and (2) the complaint does not state a claim upon which relief can be granted. The trial judge sustained the motion to dismiss upon both grounds.

The Appellant assigns two errors as follows:

1. The trial court erred in dismissing the complaint of the Appellants on the basis that Appellant did not have standing to maintain a suit to recover taxes paid under protest.

2. The trial court erred in holding that tangible personal property sold to Shelby County, used by Shelby County, and owned by Shelby County is not exempt from sale and use taxes under Tennessee Code Annotated Sec. 67–3012(1)(m), even when Shelby County was contractually obligated to pay the tax, and did pay it.

The Tennessee Sales and Use Tax Statutes, T.C.A. 67–3001, et seq. levies a use tax on contractors by T.C.A. 67–3004(b) the pertinent part reads as follows:

Where a contractor or subcontractor hereinafter defined as a dealer, used tangible personal property in the performance of his contract, or to fulfill contract or subcontract obligations, whether the title to such property be in the contractor, subcontractor, contractee, subcontractee, or any other person, or whether the title holder of such property would be liable to

pay the sales or use tax, . . . ., unless such property has been previously subjected to a sales or use tax, and the tax thereon has been paid. 67–3004(b).

To remove a problem it should be noted there is no claim the sales or use tax had been previously paid on the tangible personal property purchased by Appellant and used by these contractors.

 Under T.C.A. 67–3004(b) the contractors were liable for the use tax assessed on the value of the tangible personal property purchased by Appellant, used by the contractors, in the construction of the Shelby County Criminal Justice Complex; regardless to the person holding title to the property so used; and also regardless of whether or not the person holding title to the property used was liable for a sales or use tax on same. The words "any other person" in T.C.A. 67–3004(b) would include Appellant. The word "person" in T.C.A. 67–3002(a) is defined to include among others a "political subdivision."

Appellant claims exemption on this tangible personal property under T.C.A. 67–3012(1)(m) which as now carried in Tennessee Code Annotated pertinent to this case reads as follows:

*Miscellaneous property exempt*: (1) The sale at retail, use, consumption, the distribution, and the storage for use or consumption in this state the following tangible personal property is specifically exempted from the tax imposed by this chapter:

(m) All sales made to the state of Tennessee or any county or municipality within the state; and

Prior to 1978 T.C.A. 67–3012 read as follows:

*Miscellaneous property exempt.* The sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state of the following tangible personal property is specifically exempted from the tax imposed by this chapter. Gasoline as defined by statute in Tennessee, upon which a privilege tax per gallon is paid, and not refunded,

or gasoline used for "agricultural purposes" as this term is defined in Sec. 67–3710; motor vehicle fuel now taxed per gallon by Chapter 38 of this title; newspapers, seedlings, or plants grown from seeds when sold directly to the farmer; fertilizer and containers used for farm products and field and garden seeds when sold directly to the farmer and nurserymen; insecticide and pesticide chemicals when sold directly to and used by the farmer; fungicide chemicals when sold directly to, and used by farmers; herbicide chemicals when sold directly to the farmer used to destroy or prevent the growth of weeds and bushes; livestock and poultry feeds; caskets and burial vaults used in the burial of the dead, up to or not to exceed $500.00; and school books, and school lunches. *There shall also be exempted all sales made to the State of Tennessee, or any county or municipality within the State.* 67–3012 (pre 1978) Emphasis supplied.

In the *United States v. Boyd*, 211 Tenn. 139, 363 S.W.2d 193 (1962) this court in regard to the last sentence in T.C.A. 67–3012 (pre 1978) stated as follows:

All sales to or used by the (Federal) Government or its agents are expressly exempt. The exemption afforded the State and its subdivisions is no broader. T.C.A. 67–3012 provides only that; "There shall also be exempt all sales made to the state of Tennessee or any county or municipality within the State." 211 Tenn. 166, 363 S.W.2d 193.

Appellant argues amendments to T.C.A. 67–3012 by the Public Acts of 1978 made material changes in this statute requiring a different construction thereof from the holding in *United States v. Boyd*, supra.

There were several amendments to T.C.A. 67–3012 by the Public Acts of 1978 but none making a change directly on the last sentence of this statute. The change in T.C.A. 67–3012 (pre 1978) came about by enactment of Chapter 1, Public Acts of 1979, which was the codification of the Public Acts of 1978 by the Tennessee Code Commission, T.C.A. 1–1–101, et seq. The Ten-

nessee Code Commission has authority to "rearrange, regroup and renumber the titles, chapters, sections, and parts of sections" but does not have authority to change the "sense, meaning or effect" of any act. T.C.A. 1–1–108.

Appellant argues reading T.C.A. 67–3012 (post 1978) in its entirety the first paragraph exempts from both sales and use taxes tangible personal property consumed, distributed and stored for use or consumption on the entities listed below it, which includes Appellant by sub-section (1)(m). This argument is based on the sentence structure of T.C.A. 67–3012 (pre 1978) which exempts Appellant only from sales tax by a grammatically separate sentence from the remainder of this statute; while T.C.A. 67–3012 (post 1978) after exempting both sales and use taxes in the first paragraph then enumerates the entities below exempted by the first paragraph including Appellant by sub-section (1)(m); which requires a different construction of this statute (post 1978) on the issue here from the holding in *United States v. Boyd*, supra which was a holding on this statute (pre 1978).

■ We agree upon enactment of Chapter 1, Public Acts of 1979 that T.C.A. 67–3012 as it now reads in the supplement to Volume 12, Tennessee Code Annotated is a valid statute including any changes made by the Tennessee Code Commission. *Keaton v. State*, 212 Tenn. 690, 372 S.W.2d 163 (1963).

It should be noted the first paragraph of T.C.A. 67–3012 (post 1978) and the first sentence of T.C.A. 67–3012 (pre 1978) both read as follows:

"The sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state of the following tangible personal property is specifically exempted from the tax imposed by this chapter:"

Also the exemption claimed by Appellant in T.C.A. 67–3012(1)(m) (post 1978) reads; "All sales made to the state of Tennessee or any county or municipality within the state;" has the same meaning as the ex-

emption for Appellant in the last sentence of T.C.A. 67–3012 (pre 1978) which reads; "There shall also be exempted all sales made to the state of Tennessee or any county or municipality within the state."

Then the only difference in T.C.A. 67–3012 (pre 1978) and (post 1978) is that: First, after the first sentence in this statute (pre 1978) there is a period, while in this statute (post 1978) after the first paragraph there is a colon: Second, the exemption claimed by Appellant in the last sentence of this statute (pre 1978) is a separate sentence, while this exemption in this statute (post 1978) is one of the enumerated exemptions ending in a semi-colon.

We agree with the trial judge the rearranging and regrouping of T.C.A. 67–3012 (post 1978) did not change the substance and intent of the exemption claimed by Appellant T.C.A. 67–3012(1)(m), so as to remove it from the holding of *United States v. Boyd*, supra.

We affirm the action of the trial judge in dismissing the complaint upon the second ground of the motion to dismiss. Under the view we take of the case it is not necessary to consider the first ground of the motion to dismiss. Costs are taxed to the appellant.

HARBISON, C. J., and COOPER and DROWOTA, JJ., concur.

BROCK, J., concurs in separate opinion.

BROCK, Justice, concurring.

I concur in the result reached in the opinion prepared by Mr. Special Justice Dyer but prefer to state my reasons separately.

This is an action to recover use taxes paid under protest by the plaintiff, Shelby County, Tennessee. Shelby County entered into separate contractual agreements with several contractors for the performance of services in the construction of the Shelby County Criminal Justice Complex. In each of these contracts, Shelby County agreed to indemnify the contractors for any taxes they might owe on account of the Tennessee sales and use tax provisions, T.C.A. § 67–3001 *et seq.*, arising out of sales made

to Shelby County relating to the construction of the complex. Eventually the Department of Revenue assessed a total of $45,560.94 in sales and use taxes against the contractors for varying periods of time between 1976 and 1979. The contractors did not pay this assessment and are not parties to this suit; but, Shelby County did pay the assessment, under protest, and instituted this action to recover the same.

The trial court dismissed Shelby County's complaint on two grounds: (1) the plaintiff did not have standing to contest the assessment or seek recovery of the taxes paid under protest and (2) the complaint failed to state a cause of action upon which relief could be granted. In my opinion, the trial judge was correct on both counts and I would affirm his judgment.

## I

Since the taxes here sought to be recovered were not assessed or levied against the plaintiff, Shelby County, it is without standing to contest the assessment or to recover the taxes. Shelby County paid the taxes, not because the assessment was against it, but because it had agreed to indemnify the contractors from the taxes. This being the case, under our decisions, Shelby County has no standing to maintain this action. In *Brodbine v. Torrence*, Tenn., 545 S.W.2d 743 (1977), the Court held that the plaintiffs, a class of retailers of liquor for on the premises consumption, could not challenge a tax levied against *wholesalers* for sales of liquor to the plaintiff class of *retailers*. We held that, although the plaintiffs bore the economic burden of the tax, they failed to state a cause of action since the statute on its face did not purport to levy a tax on retailers. In that case we said:

"Of course, plaintiff cannot have 'refunded' to him taxes he has not paid. And, to be considered the 'taxpayer' it is not enough to show that in the course of business the economic burden of the tax was passed on to him by the true taxpayer; he must show that the taxing statute, in terms, imposes the tax upon him and creates obligations owing by him to the taxing authority (citations omitted)." 545 S.W.2d at 744.

In *W. L. Hailey Company, Inc. v. King* (unreported, 1965), we considered a case quite similar to the case at bar. In *Hailey* the Metropolitan Government of Nashville and Davidson County contracted with the plaintiff for the laying of sewer and water pipe. The plaintiff contractor sued to recover sales and use taxes paid under protest, and, in the alternative, to recover the same from Metro as required by the contract between Metro and the plaintiff contractor. Metro challenged the constitutionality of the taxing statute, T.C.A. § 67–3004. This Court held, however, that "this statute does not purport to levy a tax on defendant [Metro]. Such being the case, defendant has no standing to raise this question. The only liability of defendant, if any, is under contracts entered into with complainant [contractor]."

## II

I am also of the opinion that the complaint fails to state a cause of action. The plaintiff's theory is that because the use taxes assessed under T.C.A., § 67–3004(b), were based upon sales made to the County of Shelby, they should be held to be exempt under the provisions of T.C.A., § 67–3012, which provided, prior to 1979, that "all *sales* made to the State of Tennessee or any county or municipality within the state" were exempt.

In *United States v. Boyd*, 211 Tenn. 139, 363 S.W.2d 193 (1962), this Court held that T.C.A., § 67–3012, does not create an exemption from *use* taxes on contractors using materials that were sold directly from the supplier to the state; it merely exempted the transaction from *sales* tax. The plaintiff contends, however, that T.C.A., § 67–3012, was amended in 1978 to provide that the exemption also extended to *use* taxes as well as *sales taxes* in the circumstances existing in this case. A reading of the language of T.C.A. § 67–3012, as it appeared in the 1979 Code Supplement [see T.C.A. § 67–3012(1) (supplement 1980)] does

appear to exempt property sold to the state, county or municipality from *use* taxes as well as *sales* taxes. This change, however, is apparently the result of an inadvertence of the Code Commission, since no public act in 1978 authorized such a change in the wording of T.C.A., § 67–3012. The Code Commission has the authority to "rearrange, regroup and renumber the titles, chapters, sections and parts of sections" of the Code, but it does not have the authority to change the "sense, meaning or effect" of any act. T.C.A., § 1–1–108. The result is that the apparent change in T.C.A., § 67–3012, purporting to extend the exemption to *use* taxes as well as the *sales* taxes is wholly ineffectual so that the pre-1979 interpretation of that Code Section as made by this Court in *United States v. Boyd, supra,* is still valid. Accordingly the *use* taxes here involved were not exempt because the personal property used by the contractor was sold directly to Shelby County.

For the above reasons, I concur in the result reached by the majority opinion and would affirm the judgment of the circuit judge.