The BEARE COMPANY,
Plaintiff/Appellee,

v.

Martha B. OLSEN, Commissioner of
Revenue, Defendant/Appellant,

and

City of Humboldt, Tennessee,
Defendant/Appellee.

Supreme Court of Tennessee,
at Jackson.

March 17, 1986.

Rehearing Denied June 16, 1986.

W.J. Michael Cody, Atty. Gen., J. Robert Walker, Asst. Atty. Gen., Nashville, for defendant/appellant.

Saul C. Belz, Ellen B. Vergos, Waring Cox, Memphis, for plaintiff/appellee.

## OPINION

BROOKS McLEMORE, Special Justice.

This revenue case involves sales taxes levied upon the sale of utilities by a utility (City of Humboldt) and passed on by the utility to the consumer.

The plaintiff filed suit against the Commissioner of the State Department of Revenue and the City of Humboldt seeking a refund of sales taxes which were paid to the City of Humboldt. The plaintiff alleged that it had been notified by the City of a tax deficiency due to a determination by the State Department of Revenue that the plaintiff was not entitled to the reduced rate of sales tax on utilities sold to manufacturers. The plaintiff alleged that it is

entitled to a refund of its payment to the City "acting as collecting agent" for the State because the plaintiff falls within the statutory definition of a manufacturer.

A motion to dismiss on the grounds that plaintiff lacked standing to sue the Commissioner was overruled.

After appropriate pleadings were filed by the Department of Revenue, this case was tried by the Chancellor who found that the plaintiff had (1) "substantially complied" with the payment under protest statutes; and, (2) that the plaintiff was entitled as a manufacturer to the reduced sales tax rate on purchases of water, gas, and electricity sold to it. A judgment was entered against the Commissioner awarding the plaintiff a recovery of the taxes and interest. No judgment was entered against the City of Humboldt and the City did not take an active part in the trial.

The Commissioner has appealed directly to this Court.

We reverse on the issue of standing.[1]

The City of Humboldt sold electricity, natural gas, and water to consumers throughout the period applicable to this lawsuit, being March 1, 1978 to February 28, 1981. It was also registered with the Tennessee Department of Revenue for the purposes of reporting tax liability under the sales and use tax law.

The Department of Revenue issued assessments to the City for additional taxes for sales of electricity, natural gas, and water during the period in question. The City subsequently billed the plaintiff for that portion of the assessment attributable to sales to the plaintiff. The plaintiff thereafter communicated directly with John Wainscott, then Assistant Director of Field Audit with the Department of Revenue, about the Department's position that the plaintiff was not a "manufacturer" under Tennessee Code Annotated § 67–6–206(b) (formerly § 67–3003(g)) and therefore did not qualify for the reduced sales

tax rate purchases of utilities provided in that statute.

The plaintiff ultimately paid the amount billed to the City. The plaintiff's check and letter of transmittal to the City stated that it was being paid under protest. The letter also indicated that a copy was sent to Mr. Wainscott. However, Mr. Wainscott testified at trial that he had no knowledge of having received such a copy and no copy could be found in the appropriate departmental files. There is no question that Wainscott knew that plaintiff was insisting that it did not owe the assessment. The City paid the assessments without protest to the State Department of Revenue.

During the period in question, plaintiff's business consisted of (1) what it describes in advertising material as "frozen food management"; and, (2) gas and oil distribution. The former amounted to 65% of its business while the latter accounted for 35%. Blast freezing accounted for 50% of the plaintiff's revenues from it's freezer operations; cold storage accounted for 25%; and, handling charges accounted for 25%.

The plaintiff is not registered with the Department of Revenue for sales tax purposes. Neither did it have an authorization from the Department of Revenue to purchase energy fuels and water at the reduced tax rate on file with the City of Humboldt in its own name. However, until the audit in question, the City sold water and energy fuel to the plaintiff at the reduced tax rate. The City apparently relied upon an authorization form issued in 1964 to a previous owner of the plant purchased by the plaintiff in 1977.

Tennessee Code Annotated §§ 67–6–101, et seq., otherwise known as the "Retailers' Sales Tax Act," imposes a tax upon "the business of selling tangible personal property at retail in this state." T.C.A. § 67–6–202. As such, all persons [2] engaged as

---

**1.** The State's excellent brief has been especially helpful and some of the language found therein on the issue of standing has been incorporated in the Court's opinion.

**2.** T.C.A. § 67–6–102(11) defines "person" to include "[a]ny political subdivision or governmental agency, including electric membership corporations or cooperatives, and utility districts,

dealers in selling tangible personal property at retail are liable for the tax. T.C.A. § 67–6–501. The dealer is required to pass the tax on to the consumer "insofar as it can be done." T.C.A. § 67–6–502. A reduced tax rate is imposed with respect to water and energy fuels "when sold to or used by manufacturers." T.C.A. § 67–6–206(b).

T.C.A. § 67–6–527 provides in part that: "[u]pon any claim of illegal assessment and collection *the taxpayer* shall have his remedy under §§ 67–1–901—67–1–910 ..." (Emphasis added.) Prior to 1985, T.C.A. §§ 67–1–901, et seq. provided the exclusive remedy by which a taxpayer could contest an allegedly improper assessment by state revenue officials.[3] T.C.A. § 67–1–908 (1983); *see Dominion Nat'l. Bank v. Olsen,* 651 S.W.2d 215 (Tenn.1983).

The plaintiff alleged, and the Chancellor agreed, that the City was the mere collecting agent of the State for the taxes in question. This was error.

As stated in *South Central Bell Tel. Co. v. Olsen,* 669 S.W.2d 649, 651 (Tenn.1984): "the legal incidence of the retail sales tax is upon the vendor of the taxable services or property, and not upon the vendee or consumer." As the vendor of taxable sales, the City of Humboldt is the taxpayer in this instance.

On the other hand, the plaintiff is the consumer of the products being sold by the City. But just because provision is made to pass the tax on to the consumer does not alter the fact that the tax itself is imposed upon the seller. *Smoky Mountain Canteen Co. v. Kizer,* 193 Tenn. 598, 247 S.W.2d 69 (1952).

■ Article I, Section 17 of the Tennessee Constitution provides that suit can be brought against the State of Tennessee in such manner as the legislature may authorize. In construing Art. I, § 17 this Court has held that statutes which permit suits against the state under the authority

of this provision are in derogation of the state's inherent exemption from suit and must be strictly construed. *State ex rel Allen v. Cook,* 171 Tenn. 605, 106 S.W.2d 858 (1937). In addition, the jurisdiction granted under such statutes cannot be enlarged by implication. *Hill v. Beeler,* 199 Tenn. 325, 286 S.W.2d 868 (1956). And suits for tax refunds are actually against the State and can be maintained only in the manner and upon the conditions consented to by the State. *Lyons v. Lay,* 179 Tenn. 388, 166 S.W.2d 778 (1942). *See also, Griffith Motors, Inc. v. King,* 641 S.W.2d 200 (Tenn.1982).

■ Under the provisions of § 67–6–527, quoted above, sales taxpayers are provided the remedy afforded by §§ 67–1–901, et seq. Section 67–1–901 provides that:

"In all cases where not otherwise provided in which an officer, charged by law with the collection of revenue due the state, shall institute any proceeding, or take any steps for the collection of the sum alleged or claimed to be due, by said officer, from any citizen, *the person against whom the proceeding or step is taken* shall, if he conceives the same to be unjust or illegal, or against any statute or clause of the Constitution of the state, pay the same under protest." (Emphasis added.)

The plaintiff here does not fall under the express terms of this statute since the assessment by the Department of Revenue was made against the City.

The statutory provisions regarding the recovery of tax payments are clearly intended for the taxpayer's benefit. No provision is made for suit by a person upon which the incidence of the tax may ultimately fall.

This court in *Brodbine v. Torrence,* 545 S.W.2d 743 (Tenn.1977), has specifically held that a non-taxpayer cannot maintain an action against a taxing authority for the

___

to the extent that such agency sells at retail, rents or furnishes any of the things or services taxable under this chapter."

**3.** For claims paid to the State after January 1, 1985, see T.C.A. § 9–8–301, et seq. *See also* Chapter 105, Public Acts of 1985.

recovery of taxes even though he may bear the economic burden of those taxes. In that case, the plaintiffs were retailers of liquor for consumption on the premises and challenged a municipal tax levied against liquor wholesalers. In holding that the plaintiffs failed to state a claim upon which relief could be granted, the Court said:

> Of course, plaintiff cannot have "refunded" to him taxes he has not paid. And, to be considered the "taxpayer" it is not enough to show that in the course of business the economic burden of the tax was passed on to him by the true taxpayer; he must show that the taxing statute, in terms, imposes the tax upon him and creates obligations owing by him to the taxing authority. (citations omitted.)

Even though *Brodbine* involved a suit for the recovery of municipal taxes, the same principles are equally applicable to suits involving state taxes. *See Shelby County v. King,* 620 S.W.2d 493, 497 (Tenn.1981) (Brock, J., concurring).

The plaintiff's reliance upon *Texas Eastern Transmission Corp. v. Benson,* 480 S.W.2d 905 (Tenn.1972), is misplaced. In that case a sales tax was levied on TVA for its sales of electricity including those made to the consumer. TVA was immune from taxation, therefore the tax was passed directly to the consumer. This Court held that when a sales tax is collected from the vendee because it cannot be collected from a constitutionally exempt vendor, the legal incidence of the tax falls upon the vendee or user. The decision in *Texas Eastern* does not in any manner mean that the tax has been *levied* on the consumer and thus elevate the consumer vendee to the status of taxpayer when the tax has in fact been collected from the vendor, the City of Humboldt in this instance.

The case of *Madison Suburban Utility District v. Carson,* 191 Tenn. 300, 232 S.W.2d 277 (1950) is not persuasive in favor of plaintiff. As previously pointed out the definition of "person" under the statute expressly includes "any political subdivision or governmental agency ... to the extent that such agency sells at retail, rents or furnishes any of the things or services taxable under this chapter." In *Madison* there was a special statutory exemption of the municipal corporation. *See* discussion in *South Central Bell Tel. Co. v. Olsen, supra.*

■ The plaintiff argues that it would be denied due process of law if it did not have standing to sue under the circumstances presented here. This is apparently based upon the premise that the plaintiff would have no remedy otherwise. The plaintiff has the same remedy available to it that all consumers have concerning a billing complaint with a public utility, i.e., payment of the amount demanded under protest and suing the utility for recovery. But in this case, the plaintiff does not seek recovery from the City, rather instead the plaintiff seeks to recover from the state. The City was sued but on the theory that plaintiff was a taxpayer and the City was a collecting agent for the State. We have pointed out that this theory is erroneous. No judgment was sought or obtained against the City. Certainly a procedure is available under our Rules of Civil Procedure that would allow the plaintiff to sue the City with the City having a corresponding claim against the State, assuming the City upon whom the tax has been levied, has otherwise complied with the payment under protest statutes. Plaintiff apparently argues that such a procedure is cumbersome, but if such argument be accepted it would not ·result in a denial of due process.

■ The plaintiff also argues that it has standing to bring suit against the Department of Revenue under the theory of subrogation. Appellee argues that since it actually pays the tax, then it is entitled to be subrogated to whatever rights the City has against the Department of Revenue. Appellee relies upon our case of *Austin Company v. Woods,* 620 S.W.2d 73 (Tenn.1981). That case is not applicable to the facts of the case before us here.

In *Austin,* the Austin Company contracted with Arapahoe Chemicals, Inc. to perform certain engineering services and to

construct a new chemical plant in Newport, Tennessee. The Department of Revenue made an assessment against Austin for the payment of additional sales taxes in conjunction with this project. These taxes were paid by Arapahoe "pursuant to a provision in their contract in which Arapahoe agreed to pay any sales and use taxes incurred by Austin related to the Newport project." 620 S.W.2d at 75. Both Austin and Arapahoe filed suit to contest the collection of taxes. In considering whether Arapahoe had standing under T.C.A. § 67–1–901, the Court observed:

> ... Arapahoe does not contest the assessment merely because it must bear the economic consequences of the tax, as perhaps would any purchaser of the chemical produced at the Newport plant ... Arapahoe was obligated to pay the tax and did in fact pay it pursuant to its contract with Austin ...

Thus because Arapahoe had paid the tax pursuant to its contract with Austin, the Court concluded that it was entitled to be subrogated to the rights and remedies available to Austin and therefore had standing to sue in that case.

In the case before us there is no express or implied contract between the plaintiff and the City involving the payment of taxes. We find no merit in plaintiff's contention that it is subrogated to the rights of the City of Humboldt to contest the payment of taxes by the City.

Based upon all the foregoing rationale we conclude that plaintiff, The Beare Company, lacks standing to maintain this suit against the Commissioner of the State Department of Revenue to recover the taxes and the Judgment of the Chancellor is therefore reversed and the case dismissed.

Costs are adjudged against the plaintiff, The Beare Company, for which execution may issue.

BROCK, C.J., and FONES, COOPER and HARBISON, JJ., concur.

ORDER ON PETITION TO REHEAR

A petition to rehear has been filed in behalf of the Plaintiff-Appellee. After consideration of the petition, the court is of the opinion that it is without merit and the petition is accordingly denied. Costs incident to the filing of the petition to rehear are to be paid by the appellee.