Compton C. OWENS, Jr., and wife, Virginia Gail Owens, and Hope Alison Owens, b/n/f and father Compton C. Owens, Jr., Plaintiffs/Appellants,

v.

Clary P. FOOTE, M.D. and Clary P. Foote, M.D., d/b/a Harriman Medical Center, Defendant/Appellee.

Supreme Court of Tennessee, at Knoxville.

June 26, 1989.

Robert E. Pryor, Charles W. Swanson, Pryor, Flynn, Priest & Harber, Knoxville, for plaintiffs/appellants.

Margaret G. Klein, J. Tucker Montgomery, Hogin, London & Montgomery, Knoxville, for defendant/appellee.

## OPINION

O'BRIEN, Justice.

In this medical malpractice action plaintiffs claim that the defendant negligently

performed a vasectomy on Mr. Owens, negligently failed to conduct and interpret post-operative tests, and failed to advise plaintiffs correctly about the test results. They claim that as a proximate result of defendant's negligence Mrs. Owens became impregnated and delivered a child, Hope Alison Owens. Subsequent to her birth, Hope was diagnosed as having Down's Syndrome. In addition to expenses related to the pregnancy and delivery of Hope and for another vasectomy, plaintiffs seek damages for the extraordinary costs which will be incurred due to Hope's condition, as well as damages for the parents emotional injury sustained as a result of the birth of a handicapped child. Defendant filed an answer to the complaint and subsequently filed a motion to dismiss plaintiffs' claims for emotional injuries and for extraordinary expenses. The motion to dismiss was filed on 28 August 1986. Apparently the case had been set for trial on 19 September 1986 but was continued to a later date by the trial judge. Plaintiffs' filed a response to the motion to dismiss, declaring that the pleadings in the case set forth claims for relief which were legally cognizable. They said further that the motion contained matters extraneous to the pleadings and must be treated as a motion for summary judgment and, as such, was not timely filed; that there were genuine issues of material fact relative to the damage claims in question and defendant was not entitled to judgment as a matter of law. This issue was not pursued further and would seem to be without merit in view of the action of the trial judge in continuing the case.

At the conclusion of a hearing on the motion to dismiss the trial court found plaintiffs' complaint to be a medical malpractice action for "wrongful pregnancy." He additionally found that the costs of rearing a defective child were not recoverable and, absent a proper foundation, showing, prima facie, that the unsuccessful vasectomy was the proximate cause of the defects suffered by the child all evidence relating to extraordinary expense incurred as the result of the defective condition

should be excluded. It was further held that the damages for emotional distress by either the parents or the child were not recoverable. The motion to dismiss, as it related to damages for rearing the child and for emotional distress, was sustained and the memorandum opinion was incorporated, by reference, into the final judgment. A T.R.A.P. 9 interlocutory appeal was granted on the basis that the trial of the case would be lengthy, expensive and protracted; the probability of retrial in the event of reversal was great; and this was a case of first impression in this State on the specific points in issue.

The T.R.A.P. 9 application for permission to appeal to the Court of Appeals was granted by that court. Upon a hearing in the Court of Appeals it was held that the fact Mrs. Owens gave birth to an afflicted child, without more, cannot be said to have been a natural consequence of a failed vasectomy. The court further held that the afflictions suffered by Hope Owens were the result of a genetic defect for which Dr. Foote could not be held liable in the absence of appropriate allegations and submissible evidence that he should have been aware to a reasonably scientific likelihood that a failed vasectomy would result in a child with Downs Syndrome. The judgment of the trial court was affirmed.

An application for appeal to this Court was granted. The issues as stated in appellant's brief are:

(1) When a health care provider in Tennessee breaches a duty to impart information or to perform medical procedures with due care resulting in the birth of a defective or handicapped child, does this breach give rise to an action for wrongful birth?

(2) When it has been shown that a health care provider has breached a duty to impart information or to perform medical procedures with due care resulting in the birth of a defective or handicapped child, are the emotional injuries to the parents and the extraordinary expenses attributable to the birth defect compensable elements of damage?

The issues raised cannot be answered in the abstract and, of course this Court cannot render advisory opinions. The case having been dismissed on motion in the trial court, leaves a scanty record upon which to resolve the variables implicit in the issues brought for resolution. However, while this case was in the appellate process the decision of this Court in *Smith v. Gore*, 728 S.W.2d 738 (Tenn.1987) was released. Many of the questions raised here were answered in the *Smith* decision by Justice Drowota. In passing, the Court noted the several cases reported nationally involving actions of this nature, including their various denominations. Reference is made to p. 741 for the definition of wrongful birth. However, medical malpractice suits of this nature, brought by parents, alleging birth defects of an infant, are not unknown in this State and we see no reason to endeavor to fit them into some specific category beyond a suit for ordinary negligence. See, e.g., *Schaefer by Schaefer v. Larsen*, 688 S.W.2d 430 (Tenn.App. 1984). If it can be established by appropriate pleadings and probative evidence that acts or omissions of a defendant are the proximate cause of injuries sustained by a plaintiff he is entitled to recover.

These plaintiffs have asserted two causes of action in their complaint. First, for injuries sustained by Mr. and Mrs. Owens due to Dr. Foote's negligence and the second on behalf of their infant child. The complaint on behalf of Hope Alison Owens, relating afflictions and deformities diagnosed at her birth, does not state that the proximate cause of these conditions resulted from any negligent act or omission on the part of Dr. Foote. This is a pleading deficiency which can be corrected by amendment. If liability is established by appropriate pleadings and evidence, the extent of damages should be measured in accordance with the law of damages stated in *Smith v. Gore*, supra at p. 749, including damages for emotional distress, id., p. 751.

In defendant's motion to dismiss he limited his objections to the plaintiffs' claim for emotional injuries suffered as the result of the birth of a handicapped child, and the claims of all plaintiffs for "extraordinary expense attributable to the birth defect and handicapped condition of Hope Alison Owens," thus leaving controverted issues of fact to be disposed of. A motion to dismiss for failure to state a claim upon which relief can be granted is an admission of the truth of all relevant and material averments contained in the complaint. *Shelby County v. King*, 620 S.W.2d 493 (Tenn.1981). Since the case must go back to the trial court, we are of the opinion that the interests of justice require that the plaintiffs be allowed to amend the complaint, to establish, if they can, a cause of action as noted in this opinion.

The judgment of the Court of Appeals, insofar as it conflicts with the holding herein, is reversed. The case is remanded to the trial court for amendment of the complaint and such further proceedings as may be required. The costs of this appeal are divided equally between the parties.

DROWOTA, C.J., and FONES, COOPER and HARBISON, JJ., concur.