# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

CHARLES G. FOSSETT,      )

                        )

      Claimant/Appellant,     )     Tennessee Claims Commission No. 305-927

                        )

v.                      )

                        )     Appeal No. 02A01-9703-BC-00061

STATE OF TENNESSEE     )

                        )

      Defendant/Appellee,    )

                        )

FILED

**November 18, 1997**

**Cecil Crowson, Jr.**

**Appellate Court Clerk**

## APPEAL FROM THE TENNESSEE CLAIMS COMMISSION

### THE HONORABLE MARTHA B. BRASFIELD, COMMISSIONER OF CLAIMS

For the Claimant/Appellant:     For the Defendant/Appellee:

Nancy E. Ryan               Mary M. Bers
Memphis, Tennessee         Nashville, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCURS:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

**OPINION**

This is a suit for reimbursement of child support payments. The Tennessee Claims Commission dismissed the plaintiff's lawsuit against the State of Tennessee, based on lack of jurisdiction. We affirm.

In 1985, the Juvenile Court of Shelby County issued paternity orders holding that Plaintiff/Appellant Charles G. Fossett ("Fossett") was the father of two minor children by two different mothers. At the time, both mothers were receiving Aid to Families With Dependent Children ("AFDC") from the Tennessee Department of Human Services ("TDHS"). Fossett was ordered to pay child support to the Juvenile Court. Most of these payments were forwarded to TDHS to repay AFDC payments made to the mothers pursuant to Tennessee Code Annotated § 71-3-124. (Supp. 1996)

In 1993, blood tests indicated that Fossett was not the father of the children. Consequently, in 1994, the Juvenile Court issued an order setting aside its previous paternity orders and releasing Fossett from his child support obligations. Fossett then filed a complaint with the Tennessee Claims Commission against the State of Tennessee ("State"), seeking reimbursement of the past child support payments.

In response, the State filed with the Claims Commission a motion to dismiss under Rule 12 of the Tennessee Rules of Civil Procedure, asserting that the Claims Commission lacked jurisdiction over the plaintiff's claim. On January 13, 1997, the Claims Commission issued an order granting the State's motion to dismiss. The Commission concluded that it lacked subject matter jurisdiction since there was no specific statutory exception to sovereign immunity for the claims asserted in this lawsuit. Fossett now appeals the dismissal.

On appeal, Fossett contends that the Commission erred in ruling that it did not have jurisdiction. Fossett further asserts that, in the event that the Commission did not have jurisdiction, the case should have been transferred to Chancery Court.

In considering a Rule 12 motion to dismiss, "courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact therein as true." *Cook v. Spinnaker's of Rivergate, Inc.,* 878 S.W.2d 934, 938 (Tenn. 1994). Such a motion will be denied "unless it appears that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." *Id.*

Fossett first alleges that the Claims Commission had jurisdiction to hear the case. Citing

Tennessee Code Annotated §§ 71-3-124 and 9-8-307 (Supp. 1997), Fossett maintains that it was improper for the Commission to dismiss his action. Section 71-3-124 sets forth the assignment to the State of the mother's right to receive support. It contains no provision granting the Claims Commission jurisdiction over claims for reimbursement for support payments. Section 9-8-307 sets forth the categories of claims over which the Claims Commission has jurisdiction.

Under the Tennessee Constitution, claims "may be brought against the State in such manner and in such courts as the Legislature may by law direct." Tenn. Const. art. I, § 17. The legislature, in turn, enacted Tennessee Code Annotated § 20-13-102(a), which states:

> (a) No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

Tenn. Code Ann. § 20-13-102(a) (1994).

Nevertheless, the legislature has authorized some types of suits for monetary damages against the State. *See* Tenn. Code Ann. § 9-8-301 et. seq. (Supp. 1997). Fossett contends that authorization for his suit is set forth in Section 9-8-307(a)(1)(F). This provision states that the Claims Commission has jurisdiction for monetary claims against the State based on the "[n]egligent care, custody or control of personal property." *Id.* Fossett argues that since his child support payments were assigned to TDHS under Tennessee Code Annotated § 71-3-124, the State is subrogated to the interests of the recipients. Fossett then reasons that there was a negligent taking of his personal property, as a result of the recipients' untruthfulness regarding his alleged paternity.

Tennessee courts have strictly construed statutes authorizing the State to be sued. In *Beare Co. v. Olsen,* 711 S.W.2d 603, 605 (Tenn. 1986), the Supreme Court held:

> In construing Art. I, § 17 this Court has held that statutes which permit suits against the state under the authority of this provision are in derogation of the state's inherent exemption from suit and must be strictly construed. In addition, the jurisdiction granted under such statutes cannot be enlarged by implication. (citations omitted).

Therefore, the statutory exceptions to sovereign immunity cited by Fossett must be strictly construed.

In reviewing Section 9-8-307(a)(1)(F), it is clear that the State's conduct did not constitute the "care," "custody," or "control" of "personal property." Therefore, the Commission correctly concluded that it lacked jurisdiction over the plaintiff's claim.

Fossett also alleges that the Commission erred by not transferring the case to Chancery Court.

2

Fossett asserts that the Commissioner retained this option pursuant to statute[1] and erred by not exercising this option.  However, the record does not indicate that Fossett requested a transfer.  Therefore, this issue will not be considered on appeal.

The Commission's order is affirmed.  Costs on appeal are taxed against the Appellant, for which execution may issue if necessary.


_____
_____**HOLLY KIRBY LILLARD, J.**


**CONCUR:**

_____
**W. FRANK CRAWFORD, P.J., W.S.**


_____
**ALAN E. HIGHERS, J.**

_____

[1]     Fossett's brief cites Tennessee Code Annotated § 9-8-307 in support of this proposition.  The actual provision governing transfers is found in Section 9-8-404.