IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 1, 2025

## SAAD AL QARAGHOLI v. COMMISSIONER OF REVENUE

**Appeal from the Chancery Court for Davidson County**
**No. 22-1024-III     I'Ashea L. Myles, Chancellor**

_____

### No. M2024-01599-COA-R9-CV

_____

This appeal concerns subject matter jurisdiction. Saad Al Qaragholi ("Petitioner") filed a petition against the Commissioner of Revenue for the State of Tennessee ("Respondent") in the Chancery Court for Davidson County ("the Trial Court") challenging tax assessments against him. Petitioner opted not to pay the tax before proceeding with his challenge. However, Petitioner failed to timely sign his petition under penalty of perjury as required by Tenn. Code Ann. § 67-1-1801(b)(2). Respondent filed a motion to dismiss, arguing that the oath requirement was jurisdictional and could not be corrected after the 90 days in which to file a petition expired. The Trial Court denied Respondent's motion to dismiss and granted Petitioner leave to amend, citing the legal principle that leave to amend is freely granted. This interlocutory appeal, pursuant to Tennessee Rule of Appellate Procedure 9, followed. We reverse.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Chancery Court Reversed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Jonathan Skrmetti, Attorney General and Reporter; J. Matthew Rice, Solicitor General; and Nicholas G. Barca, Senior Assistant Attorney General, for the appellant, the Commissioner of Revenue for the State of Tennessee.

David H. Dupree, Knoxville, Tennessee, for the appellee, Saad Al Qaragholi.[1]

_____
[1] Saad Al Qaragholi did not file an appellate brief.

# MEMORANDUM OPINION[2]

## Background

In March 2020, Respondent issued a proposed sales-and-use tax assessment and a proposed business tax assessment against Petitioner, who was in the used car business. Petitioner asked for an informal conference with the Department of Revenue. On April 29, 2022, the hearing officer affirmed the proposed assessments. Under the Taxpayer Remedies Statute, Tenn. Code Ann. § 67-1-1801, *et seq.*, Petitioner had two avenues available to challenge the assessments. He could pay the tax, ask for a refund, and proceed with his challenge. *See* Tenn. Code Ann. § 67-1-1801(a)(1)(A); Tenn. Code Ann. § 67-1-1802. Alternatively, he could proceed without first paying the tax—subject to fulfilling certain statutory requirements. *See* Tenn. Code Ann. § 67-1-1801(a)(1)(B). The following were required:

> (b) A suit challenging the final assessment of a tax or seeking a stay of collection of an inheritance or gift tax deficiency pending a final determination of a timely proceeding for review of an appraisal filed by the taxpayer before the appropriate board must be:
>
> (1) Filed within ninety (90) days from the date the assessment becomes final, with a copy of the notice of proposed assessment issued pursuant to § 67-1-1438 attached to the notice as an exhibit; and
>
> (2) Signed by the taxpayer under the penalties of perjury, affirming that the taxpayer or affiant believes that the final assessment, or the portion of the final assessment being challenged, is unjust, illegal or incorrect and that the suit is brought in good faith and not solely for the purpose of delay.

Tenn. Code Ann. § 67-1-1801(b) (West eff. Jan. 1, 2015).

Petitioner opted not to pay the tax. On July 26, 2022, Petitioner filed a petition against Respondent in the Trial Court challenging the tax assessments against him. This fell within the 90-day statutory period. In September 2022, Respondent filed a motion to dismiss arguing that the Trial Court lacked subject matter jurisdiction because Petitioner failed to sign his petition under penalty of perjury as required by Tenn. Code Ann. § 67-1-

---

[2] Rule 10 of the Rules of the Tennessee Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION', shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

1801(b)(2). Alternatively, Respondent asserted failure to state a claim for which relief could be granted. Thereafter, Petitioner filed a motion for leave to file an amended petition including the required oath. Respondent filed a response in opposition. According to Respondent, the oath requirement of Tenn. Code Ann. § 67-1-1801(b)(2) is jurisdictional and may not be corrected after the 90-day period in which to file a petition expires. In August 2023, the Trial Court entered an order denying Respondent's motion to dismiss and granting Petitioner leave to file an amended petition. The Trial Court cited the legal principle that leave to amend is freely granted and stated, in part:

> Counsel for the Commissioner referred several times to the Taxpayer Remedies Statute as a "pro-taxpayer" statutory scheme, designed to benefit the taxpayer and increase the avenues for review of an assessment beyond what was previously available. Given that legislative intent, and with no authority holding that an amended petition cannot relate to the original filing date under Taxpayer Remedies Statute, this Court declines to adopt the Commissioner's reasoning.

Respondent filed a motion for interlocutory appeal, pursuant to Tennessee Rule of Appellate Procedure 9. The Trial Court granted Respondent's motion for interlocutory appeal. In turn, this Court entered an order granting Respondent's Rule 9 application.

## Discussion

We granted this application for interlocutory appeal to address the following issue: whether the oath requirement for tax assessment challenges filed under Tenn. Code Ann. § 67-1-1801 is jurisdictional and must be satisfied within the 90-day period for filing suit under Tenn. Code Ann. § 67-1-1801(b), such that a trial court does not have jurisdiction to permit an amendment to correct a complaint's failure to satisfy the oath requirement outside of the 90-day period.

The Tennessee Supreme Court has articulated the relevant standard of review as follows:

> A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. Subject matter jurisdiction involves the nature of the cause of action and the relief sought, and can only be conferred on a court by constitutional or legislative act. Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness.

-3-

*Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (citations omitted).  We extend no deference to the Trial Court's legal conclusions.

The Trial Court correctly noted the legal principle that, in general, courts freely grant leave to amend.  *See Cumulus Broad., Inc. v. Shim*, 226 S.W.3d 366, 374 (Tenn. 2007).  However, when a court is deprived of subject matter jurisdiction, it lacks authority to grant such leave.  *See Blair v. Tenn. Bd. of Prob. & Parole*, 246 S.W.3d 38, 40-41 (Tenn. Ct. App. 2007) (Holding that the trial court lacked authority to grant a motion to amend a petition for writ of certiorari to comply with the verification requirement because the statutory period for filing had expired).  Respondent argues that, likewise, in the present case, the oath requirement was jurisdictional and could not be corrected after the 90-day period in which to file suit expired.  Respondent argues further that the State's sovereign immunity is implicated.  Regarding sovereign immunity, this Court has observed:

> The Tennessee Constitution provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may direct." Tenn. Const. art. 1, § 17.  "This constitutional provision reflects sovereign immunity, the notion that a sovereign governmental entity cannot be sued in its own courts without its consent." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (citations omitted); *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn. 2000).  "The rule of sovereign immunity in Tennessee is both constitutional and statutory.  It is not within the power of the courts to amend it." *Jones v. L & N Railroad Co.*, 617 S.W.2d 164, 170 (Tenn. Ct. App. 1981).

*Hale v. State*, No. E2016-00249-COA-R3-CV, 2017 WL 445147, at *5 (Tenn. Ct. App. Feb. 2, 2017), *no appl. perm. appeal filed*.

The Tennessee Supreme Court has explained that statutes permitting lawsuits against the State are to be strictly construed:

> Article I, Section 17 of the Tennessee Constitution provides that suit can be brought against the State of Tennessee in such manner as the legislature may authorize.  In construing Art. I, § 17 this Court has held that statutes which permit suits against the state under the authority of this provision are in derogation of the state's inherent exemption from suit and must be strictly construed.  In addition, the jurisdiction granted under such statutes cannot be enlarged by implication.  And suits for tax refunds are actually against the State and can be maintained only in the manner and upon the conditions consented to by the State.

*Beare Co. v. Olsen*, 711 S.W.2d 603, 605 (Tenn. 1986) (citations omitted).

Petitioner's lawsuit is against the State. Therefore, sovereign immunity is implicated. The General Assembly has established by statute how a taxpayer may challenge tax assessments, including an option whereby taxpayers do not have to pay the tax in advance. Petitioner chose this route. In order to pursue this route successfully, Petitioner needed to fulfill certain statutory requirements. For one, Petitioner needed to file his lawsuit within 90 days of the final tax assessment. Petitioner did so. Another requirement was to sign the petition under penalty of perjury. Petitioner failed to do so. This was significant, as it meant Petitioner failed to prosecute his lawsuit "in the manner and upon the conditions consented to by the State." *Beare Co.*, 711 S.W.2d at 605.

The Trial Court's authority to adjudicate Petitioner's lawsuit challenging the tax assessments against him stemmed from statute. The General Assembly consented that the State could be sued in a tax assessment challenge only under certain exact conditions, the wisdom or necessity of which we do not pass judgment. It is evident that the General Assembly intended that, for scenarios in which a taxpayer challenges a tax assessment without paying the tax beforehand, the taxpayer must timely file a valid petition. Otherwise, a taxpayer could delay the process without first paying the tax. This would undermine the General Assembly's purpose in offering two distinct avenues to challenge tax assessments depending on whether the taxpayer pays the tax in advance. "The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995). Because Petitioner failed to timely file a valid petition challenging the tax assessments against him, the Trial Court was deprived of subject matter jurisdiction to adjudicate Petitioner's lawsuit.[3] We reverse the judgment of the Trial Court, resulting in dismissal of Petitioner's lawsuit.

## Conclusion

The judgment of the Trial Court is reversed, resulting in dismissal of Petitioner's lawsuit. This cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellee, Saad Al Qaragholi.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[3] As Respondent points out, a taxpayer who fails to fulfill the statutory requirements for challenging a tax assessment without first paying the tax has the alternative option of paying the tax, seeking a refund, and proceeding on that basis.