IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 9, 2002 Session

## DENISE ASHWORTH, ET AL. v. GREENE COUNTY, TENNESSEE, ET AL.

**Appeal from the Chancery Court for Greene County**
**No. 97000074     Thomas R. Frierson, II, Chancellor**

**FILED FEBRUARY 10, 2003**

**No.  E2002-00500-COA-R3-CV**

———————————

Denise Ashworth, the proprietress of a bed and breakfast in Greene County, filed a declaratory judgment action challenging the constitutionality of a hotel/motel privilege tax authorized by private act of the General Assembly ("the Act") and approved by the Greene County Commission.  Among other relief, she seeks the return of approximately $3,000 in taxes collected by her from patrons and paid by her under protest to Greene County.  While her suit was pending, the trial court permitted an individual who had stayed one night at a local motel to intervene in this case.  The gravamen of his complaint was the same as that of Ashworth's.  The trial court granted the defendants[1] summary judgment as to Ashworth's claim, finding that she was not the taxpayer under the Act and, consequently, did not have standing to pursue her claim.  As to the intervenor's claim, the trial court held that the Act was unconstitutional and ordered that he be refunded the sum of $1.61, the amount of the tax that he had paid under protest, plus interest.  Only Ashworth appeals.  She contends that the traditional concept of standing should be broadened to permit her to pursue her claim.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

K. Kidwell King, Jr., Greeneville, Tennessee, for the appellants, Denise Ashworth doing business as Hilltop House Bed & Breakfast.

Roger A. Woolsey, Greeneville, Tennessee for the appellee, Greene County, Tennessee.

Ronald S. Range, Jr. and Jennifer P. Keller, Johnson City, Tennessee, for the appellee, Greene County Partnership, Inc.

---

[1]The defendants are Greene County, Greene County Partnership, Inc., and the Attorney General of the State of Tennessee.  The Attorney General is not a party to this appeal.

**OPINION**

**I.**

The defendants acknowledge that the Statement of Facts as set forth in Ashworth's brief are accurate. For this reason, we adopt those facts *in toto*:

> The private act authorizing Greene County, Tennessee, to levy a privilege tax on the occupancy of rooms, lodging, and similar accommodations (a hotel/motel tax) was signed into law on March 24, 1986, by Governor Alexander as Private Chapter 127 of the Private Acts of 1986. Private Chapter 127 was approved by the Greene County Commission on April 21, 1986, and the county began collecting the tax. The Private Act contained the following material provisions . . . :
>
>> SECTION 2. The legislative body of Greene County is authorized to levy a *privilege tax upon the privilege of occupancy in any hotel of each transient* in an amount not to exceed two percent (2%) of the consideration charged by the operator. *Such tax is a privilege tax upon the transient occupying such room* and is to be collected as provided by this Act.
>>
>> SECTION 3. *Such [tax]* shall be added by each and every operator to each invoice prepared by the operator for the occupancy of his hotel, such invoice to be given directly or transmitted to the transient and *shall be collected by such operator from the transient and remitted to the county.*
>>
>> When a person has maintained occupancy for ninety (90) continuous days, he shall receive from the operator a refund or credit for the tax previously collected from or charged to him, and the operator shall receive credit for the amount of such tax if previously paid or reported to the county.
>>
>> SECTION 4. The tax hereby levied shall be remitted by all operators who lease, rent or charge for any hotel room within the county to the county clerk, such tax to be remitted to such officer not later than the 20th

day of each month for the preceding month. *The operator is hereby required to collect the tax from the transient* at the time of the presentation of the invoice for such occupancy whether prior to occupancy or after occupancy as may be the custom of the operator, and *if credit is granted by the operator to the transient; then the obligations to the county entitled to such tax shall be that of the operator.*

SECTION 8. The county clerk in administering and enforcing the provisions of this Act shall have as additional powers, those powers and duties with respect to collecting taxes as provided in Title 67 of Tennessee Code Annotated or otherwise provided by law for the county clerks.

*Upon any claim of illegal assessment and collection, the taxpayer shall have the remedy provided in the Tennessee Code Annotated, Section 67-1-912*, it being the intent of this act that the provisions of law which apply to the recovery of taxes illegally assessed and collected shall apply to the tax collected under the authority of this Act; provided, the county clerk shall possess those powers and duties as provided in Tennessee Code Annotated, Section 67-1-707(a) and (b) with respect to adjustment and settlement with taxpayers of all the errors of taxes collected by him under the authority of this act and to direct the refunding of same. *Notice of any tax paid under protest shall be given the county clerk, and suit for recovery shall be brought against such county clerk.*

SECTION 9. The proceeds from this tax levied herein shall be retained by the county government in the county general fund and distributed to the Greeneville - Greene County Area Chamber of Commerce at the discretion of the county legislative body for exclusive use for the direct promotion of tourism and tourism-related activities in Greene County.

[(Emphasis added).]

On March 17, 1997, the Greene County legislative body approved an amendment to its hotel/motel tax by which it increased from two percent (2%) to three percent (3%) the consideration charged by the operator and the allocation provisions of Section 9 were changed to require distribution of county tax funds to the [Greene County Partnership, Inc.] without an appropriation of the tax revenues as required by T.C.A. § 5-9-109 dealing with payment of government funds to charitable and civic organizations.

The Plaintiff Bewley, as a citizen and resident of Greene County, purchased a room at the Holiday Inn in Greene County and notified the County Court Clerk of his payment of that tax under protest. Mr. Bewley intervened in the declaratory judgment which Mrs. Ashworth had previously filed, and the Court in its memorandum opinion ruled in Mr. Bewley's case that: a) He did have standing to challenge this tax as a taxpayer asserting his remedy under Section 8 of the Act, supra; b) hotel/motel taxes are not per se unconstitutional, but; c) the Court did find and held that Chapter 127 of the Private Acts of 1986 as amended by Chapter 10 of the Private Acts of 1997 contravenes the general law adopted pursuant to T.C.A. § 5-9-109 and, therefore, the Private Act with its 1997 amendment is violative of Article XI, Section 8, of the Tennessee Constitution and is invalid. Summary judgment on this issue was granted in Mr. Bewley's favor substantiating the theory of the original case as filed by Mrs. Ashworth. Mr. Bewley received a refund of the taxes paid by him in the amount of [$1.61 plus interest].

The Plaintiff Denise Ashworth is the owner and proprietress of the Hilltop House Bed & Breakfast in Greene County, Tennessee. She has collected the tax as required by law throughout her tenure and has turned it over to the County Clerk. She began paying under protest in April of 1997 following the passage of the 1997 amendment to the hotel/motel tax requiring the direct pass-through of County tax funds to the [Greene County Partnership, Inc.]. The 1997 amendment to the hotel/motel tax, styled as Chapter 10 of the Private Acts of 1997, struck out the allocation provisions of the 1986 act in Section 9 and replaced them with the new formula which raised rates and required payment to the [Greene County Partnership, Inc.]. Mrs. Ashworth is the only Appellant in this appeal and bases her appeal solely on the issue of her standing to participate in and receive remedies in this action including, but not limited to, refund of tax proceeds paid. Because Mrs. Ashworth was dismissed from the action, the exact amount of any potential tax return was never determined, but is

believed to be approximately Three Thousand Dollars ($3,000.00). Mrs. Ashworth and Mr. Bewley are the only two individuals who paid taxes under protest and objected to this tax.

(References in the brief to the record omitted).

II.

In her brief, Ashworth recognizes what is clear from the language of the Act, *i.e.*, that the "transient" is the taxpayer and she is not:

> Within the context of the Greene County hotel/motel tax, however, Mrs. Ashworth accepts money from her customers and delivers a portion of it to the appropriate governmental agency and is *not a taxpayer*.

(Emphasis in Ashworth's brief). Ashworth points out that she is the taxpayer with respect to "business taxes pursuant to T.C.A. § 67-4-701, *et seq*." and "sales taxes pursuant to T.C.A. § 67-6-101, *et seq*." She correctly contends that all of these taxes – including the local hotel/motel privilege tax – come from the revenues from her patrons. She argues that it makes no sense for her to be the taxpayer on the "breakfast" revenue but not as to the "bed" portion of her income.

Ashworth is essentially asking that we broaden the concept of standing. Again, this is clear from her brief:

> *If* the previous rulings and judicial determination of standing were *changed* to reflect that for sales taxes, business taxes, use taxes, and hotel/motel taxes that the tax would be on the transaction and the consideration passed therefore, then any party to the transaction would be considered a taxpayer and would have standing to contest an illegal tax.

(Emphasis added). Finally, she argues that the Act "places her in such risk of economical [*sic*] and/or personal harm that she has a personal stake in the outcome of this controversy." She bases this argument on her contention that if a patron pays his or her bill with a check or credit card and, for some reason, the bank or credit card company fails to honor the transaction, she is nevertheless obligated to remit the "collected" but unfunded payment to the county. She argues that in such a case, she would become the taxpayer. She concludes by asserting that the "doctrine of standing should be broadened to include individuals like [herself]." She refers to herself as "rationally the only person to assert these rights" of unconstitutionality.

III.

The only issue before us is the propriety of the trial court's grant of summary judgment dismissing Ashworth's complaint for lack of standing.[2] The issue presented is one of law. *Gonzales v. Alman Constr. Co.*, 857 S.W.2d 42, 44 (Tenn. Ct. App. 1993). Therefore, we review the trial court's judgment as to Ashworth *de novo* with no presumption of correctness attaching to that judgment. *Planters Gin Co. v. Federal Compress & Warehouse Co.*, 78 S.W.3d 885, 889 (Tenn. 2002).

IV.

"Standing is a judge-made doctrine used to determine whether a party is entitled to judicial relief." *Metropolitan Air Research Testing Auth., Inc. v. Metropolitan Gov't of Nashville and Davidson County*, 842 S.W.2d 611, 615 (Tenn. Ct. App. 1992). "To establish standing, a party must demonstrate (1) that it sustained a distinct and palpable injury, (2) that the injury was caused by the challenged conduct, and (3) that the injury is apt to be redressed by a remedy that the court is prepared to give." *Id.* When analyzing standing, the court's primary focus is on the position of the party rather than the merits of the action. *See id.*; *see also, e.g.,*,*Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 484, 102 S. Ct. 752, 765, 70 L. Ed. 2d 700 (1982).

It is well settled in Tennessee that a party does not have standing to challenge a tax unless that party is the taxpayer. *Brodbine v. Torrence*, 545 S.W.2d 743, 744 (Tenn. 1977). This follows from the fact that one who is not the party against whom a given tax is assessed does not sustain an injury distinct and palpable from the general population with respect to that tax.

V.

The Act explicitly states that "[s]uch tax is a privilege tax upon the transient occupying such room and is to be collected as provided by this Act." The Act defines the term "transient" as follows:

> "Transient" means any person who exercises occupancy or is entitled to occupancy for any rooms, lodgings or accommodations in a hotel for a period of less than ninety (90) continuous days.

Under this definition, it is clear that Ashworth is not the taxpayer. The Act imposes an obligation on an innkeeper to collect and remit the tax. The Act does not designate the operator as the taxpayer.

The following language from the *Brodbine* opinion is instructive:

---

[2]The defendants do not challenge the trial court's holding that the Act is unconstitutional.

> Of course, [a] plaintiff cannot have "refunded" to [her] taxes [she]
> has not paid. And, to be considered the "taxpayer" it is not enough
> to show that in the course of business the economic burden of the tax
> was passed on to [her] by the true taxpayer; [she] must show that the
> taxing statute, in terms, imposes the tax upon [her] and creates
> obligations owing by [her] to the taxing authority.

***Brodbine***, 545 S.W.2d at 744 (citations omitted). This rationale is applicable to the instant appeal. The Act does not require Ashworth to *personally* pay the tax. Rather, she is merely an agent for the purpose of collecting the tax from her guests. The position of the intervenor highlights the distinction. The intervenor had standing because he paid the tax when he paid his hotel bill. The money damages Ashworth seeks are not hers to claim. Since she was not required to *pay* any taxes, any reimbursement to her would be a windfall to which she is not entitled. We decline to "broaden" Tennessee's well-established definition of standing just because of a *possibility* that an operator might be required to remit a charged, but uncollected tax. We note, in passing, that Ashworth does not allege, nor is there any proof in the record showing, that any portion of the taxes paid by her under protest were, in fact, not collected by her.

We hold that Ashworth lacks standing to seek the relief set forth in her complaint.

## VI.

The judgment of the trial court is affirmed. This matter is remanded to the trial court for such further proceedings, if any, as may be necessary and for collection of costs assessed below, all pursuant to applicable law. The costs on appeal are taxed to Denise Ashworth.

_____
CHARLES D. SUSANO, JR., JUDGE