IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 9, 2007

## JOHNNY GANT v. SANTA CLARITA LABORATORIES

**Appeal from the Circuit Court for Davidson County**
**No. 05C-1723     Walter C. Kurtz, Judge**

---

**No. M2005-01819-COA-R3-CV - Filed on April 5, 2007**

---

The plaintiff was a Nashville man who bought a bottle of mail order vitamins from a California company and directed the company to send the order to one of his relatives. The plaintiff was unsatisfied with the product and mailed it back to the company and asked for a refund. When no refund was immediately forthcoming, he filed suit in General Sessions Court. The company sent the plaintiff a full refund after it was served with the lawsuit. The plaintiff continued to pursue his suit through an appeal to the Circuit Court, which dismissed the case. We affirm the Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Johnny Gant, Nashville, Tennessee, appellant Pro Se.

Santa Clarita Laboratories, appellee, not represented on appeal.

**OPINION**

**I.**

The following account is derived in part from the hand-written pleadings, motions, and notes drafted by the *pro-se* plaintiff, Johnny Gant. As best as we can tell, Mr. Gant ordered a bottle of vitamins from Santa Clarita Laboratories in Santa Clarita, California. He enclosed a Western Union money order in the amount of $60.90 with his order. Robert Lee, who is apparently Mr. Gant's uncle, was the purchaser of the money order, and the order form directed that delivery of the vitamins be made to Mr. Lee. Mr. Gant explained in his pleadings that he wanted it sent to Mr. Lee because someone had been opening his mail.

Mr. Lee received the vitamins and gave them to Mr. Gant. Mr. Gant saw that the bottle had been opened, and he sent it back to Santa Clarita Laboratories with a request for a refund. When no refund was forthcoming, he filed complaints with the Better Business Bureau, the Tennessee Department of Consumer Affairs, and the General Sessions Court of Davidson County. With his complaint in General Sessions Court he filed an affidavit of indigency. The complaint asked the court to order the defendant to refund his money and to award him punitive damages.

Santa Clarita Laboratories was served through the Secretary of State. After being served, the company sent Mr. Gant the refund he requested. Despite receiving the refund, Mr. Lee continued to pursue the matter. It is unclear from the record exactly what action was taken by the General Sessions Court, but it appears that the court dismissed the complaint, because Mr. Gant filed a document that was deemed to be an appeal to the Circuit Court.

On May 3, 2005, Santa Clarita Laboratories sent a letter to the Tennessee Department of State, which has been made a part of the record. The letter was addressed "To Whom It May Concern," and it sets out the following pertinent information:

> We never received the merchandise that Mr. Johnny Gant says he returned to us. The crux of this matter is that Mr. Gant is requesting a refund on behalf of a supposed relative, Robert Lee. We have no proof that Mr. Gant is related to Mr. Lee. Both the money order to purchase the product and the order form only have Mr. Lee's name on them. . . . After our legal department reviewed this unusual situation, we sent out a refund check to Mr. Gant at the end of March, 2005 in the amount of $60.90. Mr. Gant cashed this refund check. A copy of the front and back of this check is enclosed. . . . Our legal department feels we are not responsible for any punitive damages and a court appearance is not required.

There was apparently a brief hearing in Circuit Court, and the court filed an order on July 8, 2005 dismissing Mr. Gant's Complaint. This appeal followed.

**II.**

Neither party filed a proper brief in this court. Mr. Gant filed a hand-written document titled "Briefly Response". In it, he reiterates the facts set out in his earlier submissions, criticizes the defendant for not sending his refund earlier, implies that the defendant was deceitful and conspired against him, and asks for punitive damages of either $489 or $1000.

For its part, the defendant sent a brief letter to this court, standing by the response in its letter of May 3, 2005, and stating that "[w]e are hoping that the appellate court will confirm the earlier rulings of the previous court decisions."[1]

In its order, the trial court found:

The record in this case indicates that the plaintiff is not the customer of the defendant. Somebody named Robert Lee is the customer, and the plaintiff contends that he should receive the refund as well as punitive damages.

The record also shows, contained in the plaintiff's own pleadings, that he received the requested refund.

Accordingly, the court dismissed the action. The state of the record and the recital of the allegations and facts found in the trial court's order indicate this was a dismissal for failure to state a claim under Tenn. R. Civ. P. 12.02(6). The trial court has the authority to dismiss a claim *sua sponte* when the complaint fails to state a claim upon which relief may be granted. *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975); *Cockrill v. Everett,* 958 S.W.3d 133, 135 (Tenn. Ct. App. 1997).

A motion to dismiss for failure to state a claim admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994); *Shelby County v. King*, 620 S.W.2d 493, 494 (Tenn. 1981). In the present case, we must thus assume that Santa Clarita Laboratories refused to refund Mr. Gant's money until it was served by the General Sessions Court. The only possible claims we can make out from Mr. Gant's pleadings are a violation of the consumer protection act and a claim for punitive damages, which may or may not be related to the consumer protection claim.

The Tennessee Consumer Protection Act, Tennessee Code Annotated § 47-18-109(a)(1) declares that "[a]ny person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages."

In this case, Mr. Gant has submitted xerox copies of the documents included in his refund request. They include the order form in the name of Mr. Lee, the money order, and a hand-written

---

[1] A corporation cannot be represented by a corporate officer who is not an attorney. *Old Hickory Engineering and Machine Co. v. Henry*, 937 S.W.2d 782 (Tenn. 1996). Although the record before us does not indicate whether Santa Clarita Laboratories is a corporation or operates as some other form of business entity, we nonetheless decline to consider the letter because it is not signed and does not purport to be a brief complying with the Tennessee Rules of Appellate Procedure. Because it is not substantive, our decision not to consider it has no effect on the outcome of this appeal.

request that the refund be made to Mr. Gant, stating that he had the order sent to a relative "since in past my mails have been opened." Clarita Laboratories' failure to send a refund pursuant to such an irregular request in the absence of proof that Mr. Gant was actually the individual entitled to the refund cannot be considered an "unfair or deceptive practice" under the Act. Instead, it was a reasonable and prudent business decision. Further, when Mr. Gant filed his appeal in Circuit Court, the case was to be considered *de novo*. In his pleadings in Circuit Court, he stated that he had received his refund. Thus, at the time of the Circuit Court proceedings, he had not suffered an "ascertainable loss of money or property . . . " for which the court could grant him relief.

As for Mr. Gant's claim for punitive damages, it is unclear what cause of action is attached to this request for relief. Even if Mr. Gant has made out any such claim, however, a party is entitled to recover punitive damages only if there is an award of actual damages. *B & L Corp. v. Thomas and Thorngren, Inc.* 162 S.W.3d 189, 191 (Tenn. Ct. App. 2004); *Davenport v. Chrysler Credit Corp.*, 818 S.W.2d 23, 32 (Tenn. Ct. App. 1991). Since Mr. Gant is not entitled to actual damages in this case, punitive damages cannot even be considered. Further, awards of punitive damages are restricted to "cases involving only the most egregious of wrongs." *Hodges v. Toof*, 833 S.W.2d 896, 901 (Tenn. 1992). We see nothing in the behavior of the defendant in this case that would meet this requirement. If Mr. Gant's request can be considered a request for up to treble damages under the Consumer Protection Act, *see* Tenn. Code Ann. § 47-18- 109(a)(3), similar requirements apply, including that there be a willful and knowing violation of the Act. No violation occurred, so no enhanced damages are available.

## III.

The order of the trial court is affirmed. We remand this case to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant, Johnny Gant.

_____
PATRICIA J. COTTRELL, JUDGE